COLONY TOWN CLUB *v.* MICHIGAN UNEMPLOYMENT
COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION — DECISION OF ADMINISTRATIVE
BODIES ON CONSTRUCTION OF LIKE PROVISIONS OF STATUTES.
    Decision of commissioner of internal revenue that appellant
    nonprofit corporation was exempt from payment of Federal
    social security and income taxes is not binding upon the State
    unemployment compensation commission nor the State courts
    in applying substantially similar exemption provisions of the
    State unemployment compensation act relative to parties liable.
    for the tax because referee in claimant's proceeding for
    benefits, who passed upon claimant's application, had said he
    would follow such decision after he had heard the proofs, as
    the appeal board may affirm, modify, or set aside the decision
    of the referee either on the basis of the evidence submitted or
    additional evidence before the appeal board and the circuit
    court may review the issues of fact to determine the great
    weight of the evidence (49 Stat. at L. 639, 642, 1674; Act
    No. 1, §§ 33–35, 38, 42, subd. [7] [h], as amended by Act
    No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).
2. SAME—REFEREE—APPEAL BOARD—COURTS.
    The decision of a referee under the unemployment compensa-
    tion act does not control the findings of the appeal board nor
    the decision of the courts (Act No. 1, §§ 33–35, 38, 42, subd.
    [7] [h], as amended by Act No. 347, Pub. Acts 1937, and
    Act No. 324, Pub. Acts 1939).
3. SAME—COMMISSIONER OF INTERNAL REVENUE—APPEAL BOARD—
COURTS.
    Decision of the commissioner of internal revenue as to liability
    of an employer for Federal social security and income taxes
    is not binding upon State unemployment compensation com-
    mission nor the State courts because of previous rulings to
    that effect by the commission since such previous rulings of
    the commission are not conclusive on appeal before the ap-
    peal board, nor are they binding upon the courts (49 Stat. at
    L. 639, 642, 1674; Act No. 1, §§ 33–35, 38, 42, subd. [7] [h],
    as amended by Act No. 347, Pub. Acts 1937, and Act No.
    324, Pub. Acts 1939).

4. Same—Findings of Facts—Referee—Appeal Board—Courts.
    Decisions of referee or unemployment compensation commission are not binding upon the courts as to facts or the great weight of the evidence since so to hold would nullify the right of appeal to the board or to the courts (Act No. 1, §§ 33-35, 38, 42, subd. [7] [h], as amended by Act No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).

5. Same—Commissioner of Internal Revenue—Exemptions from State Tax—Delegation of Powers.
    The authority to make the finding of the United States commissioner of internal revenue as to who is exempt from paying taxes under the State unemployment compensation act binding upon the State unemployment compensation commission, the appeal board, and the State courts is not a power which the State legislature can delegate (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 324, Pub. Acts 1939, and Act No. 364, Pub. Acts 1941).

6. Same—Findings of Circuit Judge—Exemption from Tax—Nonprofit Corporation—Literary and Educational Purpose Club.
    Finding of the circuit judge that nonprofit corporation was not exempt from payment of tax under State unemployment compensation act was not contrary to the great weight of the evidence where it appears, among other things, that it was organized ''to provide a home and meeting place for women who wish to establish a center for music, art and literature,'' most of its activities are exclusively for the members although some are open to the public, and that it was not organized ''exclusively for religious, charitable, scientific, literary, or educational purposes'' as provided in exemption provision of the act (Act No. 1, § 42, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 324, Pub. Acts 1939).

7. Courts — Unemployment Compensation — Taxation — Exemptions — Commissioner of Internal Revenue.
    In the consideration by a State court of the exemption of employer from tax under the unemployment compensation act the issue must be decided on the record before it without consideration as to whether the same or a different statement of facts formed the basis for the ruling of the commissioner of internal revenue in determining whether or not such employer was exempt from Federal social security and income taxes under similar statutory provisions as to exemptions (49

Stat. at L. 639, 642, 1674; Act No. 1, §§ 33–35, 38, 42, subd.
[7] [h], Pub. Acts 1936 [Ex. Sess.], as amended by Act No.
347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939).

Appeal from Wayne; Webster (Arthur), J. Submitted January 14, 1942. (Docket No. 2, Calendar No. 41,414.) Decided March 17, 1942.

Wesley Chmielewski presented his claim for unemployment compensation. Colony Town Club, employer, claimed exemption from the act. Colony Town Club reviewed finding of the Unemployment Compensation Appeal Board by appeal to the circuit court in the nature of certiorari. From order of circuit court, Colony Town Club appeals. Affirmed.

*Berry & Stevens,* for appellant.

*Herbert J. Rushton,* Attorney General, *R. Glen Dunn,* Deputy Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Florence N. Clement* and *Daniel J. O'Hara,* Assistants Attorney General, for appellees.

BOYLES, J. The Colony Town Club was incorporated as a nonprofit corporation in 1937. The purpose of the corporation was stated in the articles, constitution and bylaws, and house rules of the club as follows:

"To provide a home and meeting place for women who wish to establish a center for music, art and literature."

Its initial assets consisted of furniture, fixtures, cash and membership accounts receivable, to the value of $3,500. It was to be financed by sale of memberships. It has approximately 360 members, occupies a former residence in Detroit, provides

rooms, and maintains a restaurant or dining service for members, their families and guests.

In 1938 the Colony Town Club applied to the commissioner of internal revenue in the treasury department at Washington, D. C., for exemption from payment of Federal social security taxes and income taxes.

The provisions of the Federal social security act (49 Stat. at L. 639, chap. 531, title 8, § 811 [b] [8] [42 USCA, § 1011]; 49 Stat. at L. 642, chap. 531, title 9, § 907 [c] [7] [42 USCA, § 1107]), exempting from payment of the Federal social security tax, are substantially the same as the Michigan unemployment compensation act insofar as the question before us is involved. The provisions of the Federal revenue act of 1936 (49 Stat. at L. 1674, title 1, subtitle [c], supp. [a], § 101 [6] [see 26 USCA, § 101]), exempting from payment of the *income* tax, are also substantially the same as the Michigan statute now under consideration. Upon an *ex parte* showing, the commissioner of internal revenue decided that appellant was exempt from payment of the Federal social security tax and the Federal income tax.

In 1938 the Colony Town Club discharged one of its employees who thereupon filed a claim with the Michigan unemployment compensation commission for unemployment benefits. The claim was opposed by the club, on the ground that it was exempt from paying the unemployment compensation tax, or benefit to employees, by the terms of the Michigan unemployment compensation act.

The issue thus raised, and the only issue now before us in this appeal, is concisely stated by counsel for appellant as follows:

"Is the Colony Town Club a corporation organized and operated exclusively for literary or educational purposes, no part of the net earnings of which inures to the benefit of any individual and,

therefore, in accordance with the provisions of section 42 (7) (h) of the Michigan unemployment compensation act exempt from the taxes imposed by said act?"

The applicable part of the Michigan unemployment compensation act (see Act No. 1, § 42 [7] [h], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 324, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 8485–82, Stat. Ann. 1940 Cum. Supp. § 17.545]), by reason of which appellant claims exemption from the taxes, is as follows:

"(7)   The term 'employment' shall not include:
\*   \*   \*

"(h)   Service performed in the employ of a corporation   \*   \*   \*   organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes   \*   \*   \*   no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The referee who heard the matter for the commission (see section 33, as amended by Act No. 324, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 8485–73, Stat. Ann. 1940 Cum. Supp. § 17.535]), decided that the Colony Town Club came within the requirements of the act and was not exempt from paying the tax. On appeal to the appeal board (section 35, as amended by Act No. 347, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 8485–75, Stat. Ann. 1940 Cum. Supp. § 17.537]), the board affirmed the decision of the referee. The Colony Town Club took an appeal by certiorari to the circuit court for Wayne county where it was again decided that it was not exempt from paying the tax, and from that decision the club appeals to this court.

Section 38, as amended by Act No. 324, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8485–78 [Stat. Ann. 1940 Cum. Supp. § 17.540]), provides that the findings of fact made by the appeal board if sup-

ported by the great weight of the evidence shall be conclusive in the absence of fraud; and further provides that the circuit court shall have power to review questions of fact and law on the record made, but may reverse the decision of the appeal board upon a question of fact only if the court finds the decision is contrary to the great weight of the evidence.*

Appellant states in its brief that:

"The question involved in this appeal is one of fact, namely, is the appellant a corporation organized and operated exclusively for literary or educational purposes? If the court finds that the decision of the appeal board of the Michigan unemployment compensation commission, to the effect that the appellant is not a corporation organized and operated exclusively for literary and educational purposes, is contrary to the great weight of the evidence, then this court has jurisdiction to reverse the order of the Wayne county circuit court and the decision of the said appeal board."

Appellant claims that the Michigan unemployment compensation commission and the State courts are bound to follow the decision of the commissioner of internal revenue.

Appellant bases this claim upon two contentions: (1) Because the referee, after hearing the proofs, agreed to follow the decision of the Federal government. There is no merit in this claim. Section 34 of the act, as amended by Act No. 324, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8485–74 [Stat. Ann. 1940 Cum. Supp. § 17.536]), provides that the appeal board may affirm, modify or set aside the decision of the referee either on the basis of evidence submitted or additional evidence before the appeal board. The circuit court may review the is--

---

* Act No. 324, Pub. Acts 1939, became effective June 22, 1939. The opinion of the circuit court was filed November 10, 1939.— REPORTER.

sues of fact to determine the great weight of the evidence. The decision of the referee does not control the findings of the appeal board nor the decision of the courts; (2) appellant claims that the Michigan unemployment compensation commission and the State courts are bound to follow the decision of the commissioner of internal revenue because of previous rulings of the commission to that effect, which contention is likewise without merit because previous rulings of the commission are not conclusive on appeal before the appeal board, nor are they binding upon the courts. To hold that decisions of either the referee or the commission would be binding as to facts or the great weight of the evidence would obviously render any appeal entirely nugatory and nullify the right of appeal to the board or to the courts. Appellant further contends that the decision of the commissioner of internal revenue is final and binding because of an amendment to that effect added to the Michigan statute by the 1939 legislature. This amendment (Act No. 324, § 42, Pub. Acts 1939 [Comp. Law Supp. 1940, § 8485–82, Stat. Ann. 1940 Cum. Supp. § 17.545]) provides:

"(7) The term 'employment' shall not include:
* * *

"(n) Any service not included as 'employment' under title 9 of the social security act."

This amendment, if given the construction claimed for it by appellant, is unconstitutional in that it attempts to delegate to a Federal agency the final decision regarding the interpretation and construction to be placed upon a State statute. It would make the decision of the commissioner of internal revenue as to who is entitled to exemption from paying the Michigan tax conclusive and binding upon the Michigan unemployment compensation commission, the appeal board, and the State courts.

Such authority cannot be delegated by the legisla-ture. *Industrial Commission* v. *Northwestern Mutual Life Ins. Co.*, 103 Col. 550 (88 Pac. [2d] 560); *Park Floral Co.* v. *Industrial Commission*, 104 Col. 350 (91 Pac. [2d] 492); *Mohawk Mills Assn., Inc.,* v. *Miller,* 260 App. Div. 433 (22 N. Y. Supp. [2d] 993); *Fidelity-Philadelphia Trust Co.* v. *Hines,* 337 Pa. 48 (10 Atl. [2d] 553); *Hutchins* v. *Mayo,* 143 Fla. 707 (197 South. 495, 133 A. L. R. 394).

It is doubtful if the 1939 legislature intended to delegate such authority. This conclusion is justified by the fact that this amendment was changed by the 1941 legislature and the statute now in effect does not apply to the case at bar. Effective July 1, 1941, Act No. 1, § 42, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 364, Pub. Acts 1941 (Stat. Ann. 1941 Cum. Supp. § 17.545), provides:

"(7) Except as otherwise provided in subsection (8) of this section the term 'employment' shall not include: *  *  *

"(n) Any service not included as 'employment' under the Federal unemployment tax act (sections 1600–1611 of the internal revenue code), as amended. If an employer has obtained a decision in writing from an authorized agent of the United States bureau of internal revenue holding that specified services are not included as 'employment' under section 1607 of the internal revenue code, such decision shall, in the absence of a claim for benefits filed by an employee whose right to bene-fits may be affected, by such decision, be conclusive upon the commission for the purpose of determin-ing the liability of such employer for contributions under this act unless the commission, after notice and hearing, makes a determination to the contrary based upon substantial evidence. Such decision by an authorized agent of the United States bureau of internal revenue shall be conclusive for the pur-pose of determining the rights of such claimant to

benefits under this act unless the commission, a referee or the appeal board after notice and hearing shall, based upon substantial evidence, determine that such services constitute 'employment' under this act.''

As applied to this case, the decision of the commissioner of internal revenue that the Colony Town Club was not required to pay the Federal security tax or the Federal income tax is not conclusive and binding upon the appeal board of the unemployment compensation commission or upon the State courts under either the 1939 or 1941 amendments to section 42 of the Michigan unemployment compensation act.

We are then finally confronted with the question whether the conclusion of the circuit judge, in holding that the Colony Town Club was not exempt from payment of the Michigan tax, was contrary to the great weight of the evidence. This requires a review of the facts as they appear in the record before us.

The articles of incorporation, the bylaws and house rules of the club state that the sole purpose is:

*''To provide a home and meeting place for women* who wish to establish a center for music, art and literature.''

The constitution and bylaws contain the provisions usually found in social clubs, for termination of membership for nonpayment of indebtedness, or dues, or for conduct injurious to the interests of the club; provides for fees and dues, annual or special meetings; the club shall be open to members daily; unmarried sons and daughters may enjoy club privileges, charge accounts are provided for; members are billed monthly for indebtedness; memberships are not transferable, forwarding of letters and telegrams may be provided by instructions

given at the desk; tipping is forbidden; members may give private dinners, luncheons and entertainments in the clubrooms by making arrangements with the manager; members engaging rooms must register and members are held responsible for rooms engaged for guests; notice of intention to vacate a room must be given before noon; members may secure guest cards entitling nonresident women to club privileges for two weeks; reciprocal relations with other recognized clubs are provided for. An annual profit and loss statement of the club shows total income $29,453.71, of which $3,434.41 is income for use of guests' rooms. According to the balance sheet in the record, the entire income (except $700 for charity) was used for maintenance of the club. The club conducts sewing classes, Bible classes, lectures on various topics, book reviews. Some activities are open to the public but most of them are exclusively for the members. Members and their families may give parties and luncheons in the club. The club provides one annual social affair. The club has 17 employees.

The mere fact that the club itself sponsors only one annual general social event as a club function would not destroy its otherwise exempt status. Nor does it necessarily follow as claimed by appellant that if this club is held to be liable for the tax, all organizations where members congregate occasionally for social purposes must be held to be "social clubs." Church organizations are exempted because they are organized and operated for religious purposes notwithstanding that members congregate occasionally for social purposes. There is a considerable variation between the functions and activities of appellant and those of a university, college or school. Such religious and educational organizations are open to the public; the functions and activities of the Colony Town Club, and the benefits derived therefrom, are limited mostly to its mem-

bers, their families and guests. The purpose of this club, as frankly stated in its articles of incorporation and repeated in its bylaws, is "to provide a home and meeting place for women" who wish to establish a center for music, art and literature. The Colony Town Club is not a corporation organized and operated exclusively for literary or educational purposes.

It is, of course, desirable that there should not be a conflict of rulings between a Federal agency and the State as to the taxable status of an individual. The advisability of cooperation between the Michigan commission and the Federal agency is not here in question. The issue must be decided on the record before us, without considering whether the same or a different statement of facts formed the basis for the ruling of the Federal agency. We cannot say that on the record before us the conclusion reached by the circuit judge is contrary to the great weight of the evidence.

Affirmed, but without costs, a public question being involved.

CHANDLER, C. J., and NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.