CITY OF DETROIT *v.* DETROIT COMMERCIAL COLLEGE.

1. Taxation—Exemptions—Educational    Corporations—Certificate of State Board of Education.

Certification of an educational corporation by the State board of education to the corporation and securities commission before articles of incorporation can be filed does not control taxing officials and the courts in the determination of whether the corporation's personal property is exempt from taxation under the general property tax law (1 Comp. Laws 1929, § 3397, as amended by Act No. 232, Pub. Acts 1939; Act No. 327, § 170, Pub. Acts 1931; § 171, as amended by Act No. 162, Pub. Acts 1939 and Act No. 160, Pub. Acts 1943).

---

References for Points in Headnotes

[1] 51 Am. Jur., Taxation, § 619.
[2] 51 Am. Jur., Taxation, §§ 533, 534.
[3] 51 Am. Jur., Taxation, § 527.
[4] 51 Am. Jur., Taxation, §§ 524–526.
[5] 51 Am. Jur., Taxation, § 526.
[6] 51 Am. Jur., Taxation, §§ 524–530.
[7] 51 Am. Jur., Taxation, §§ 524–527.
[8] 51 Am. Jur., Taxation, §§ 524–527.
[9] 51 Am. Jur., Taxation, §§ 619–624.
[10] 51 Am. Jur., Taxation, §§ 619, 620.

2. SAME—EXEMPTIONS—DELEGABLE POWERS.

Authority to exempt educational corporations from taxation cannot be delegated by the legislature to the State board of education and corporations and securities commission (1 Comp. Laws 1929, § 3397, as amended by Act No. 232, Pub. Acts 1939).

3. SAME — EXEMPTIONS — EDUCATIONAL INSTITUTION — BURDEN OF PROOF.

A party claiming exemption from taxation as an educational institution has the burden of establishing the fact that it is such an institution (1 Comp. Laws 1929, § 3397, as amended by Act No. 232, Pub. Acts 1939).

4. SAME—EXEMPTIONS—INTENT NOT IMPLIED.

An intention on the part of the legislature to exempt from the taxing power of the State will never be implied from language which will admit of any other reasonable construction.

5. SAME—INTENTION TO EXEMPT.

The intention to exempt property from the taxing power must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used.

6. SAME—EXEMPTIONS—CONSTRUCTION OF STATUTE OR CHARTER.

When a specific privilege or exemption from taxation is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public.

7. SAME—EXEMPTIONS—PRESUMPTIONS—INFERENCES.

Exemptions from taxation are never presumed, made out by inference or implied but must be beyond a reasonable doubt.

8. SAME—CONSTRUCTION OF EXEMPTION—PRESUMPTIONS.

Since taxation is the rule and exemption therefrom the exception, and an exemption is found to exist, it must not be enlarged by construction, as the reasonable presumption is that the State has granted in express terms all it intended to grant at all.

9. SAME—EXEMPTIONS.

In determining whether or not the property of an educational institution is exempt from taxation, the same principle applies whether the property sought to be exempted is personal property or real estate.

10. SAME—PERSONAL PROPERTY—EDUCATIONAL CORPORATION—COM-
MERCIAL SCHOOL.

  The personal property of a nonprofit educational corporation
  engaged in training teachers of commercial subjects in other
  institutions and training persons in the special accomplish-
  ments and skills necessary for employment in the business
  world, in assisting persons to prepare themselves for business
  and professional careers but not to teach the arts, sciences,
  professions and higher learning, was not entitled to exemption
  from taxation as it is a specialized school for purpose of train-
  ing its students to enter into specialized fields of employment
  and not fitted into the general scheme of education provided
  by the State and supported by public taxation (1 Comp. Laws
  1929, § 3397, as amended by Act No. 232, Pub. Acts 1939;
  Act No. 327, § 170, Pub. Acts 1931; § 171, as amended by
  Act No. 162, Pub. Acts 1939 and Act No. 160, Pub. Acts 1943).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 9, 1948. (Docket No. 38, Calendar
No. 43,867). Decided September 8, 1948. Rehearing
denied November 12, 1948.

Assumpsit by City of Detroit and its treasurer
against Detroit Commercial College, a Michigan
corporation, to recover taxes. Judgment for plain-
tiff. Defendant appeals. Affirmed.

*Raymond J. Kelly,* Corporation Counsel, and
*John H. Witherspoon* and *Helen W. Miller,* Assist-
ants Corporation Counsel, for plaintiffs.

*Clark, Klein, Brucker & Waples, Wilber M.
Brucker* and *Arthur P. Boynton,* for defendant.

SHARPE, J. The question involved in this case is
whether defendant, Detroit Commercial College, is
exempt from personal property tax by virtue of the
provisions of 1 Comp. Laws 1929, § 3397, as amend-
ed by Act No. 232, Pub. Acts 1939 (Comp. Laws
Supp. 1940, § 3397, Stat. Ann. 1947 Cum. Supp.
§ 7.9), which provides:

"The following personal property shall be exempt from taxation, to wit:

"First, The personal property of benevolent, charitable, educational and scientific institutions, incorporated under the laws of this State."

The city of Detroit brought action for personal property taxes for the years 1942 through 1946, inclusive, claimed to be due and owing from the Detroit Commercial College, a nonprofit educational corporation organized under Act No. 327 Pub. Acts 1931, as amended (Comp. Laws Supp. 1940, § 10135-1 *et seq.*, Stat. Ann. § 21.1 *et seq.*). The amount of taxes and interest involved is the sum of $794.78.

Defendant college was incorporated in 1941. Its articles of incorporation state its purposes to be:

"The purposes of this corporation are to operate a school for the training of men and women in the special accomplishments and skills necessary for those employed in the business world; to advance the efficiency and skill of those engaged in teaching commercial subjects in other institutions by advising and training them in advanced and modern methods of teaching; to assist men and women to prepare themselves for business and professional careers by training them in the various methods and techniques best suited to their prospective careers; to foster and encourage improved and advanced methods of commercial teachings, and to acquire, hold and dispose of any property necessary to its several purposes. The school does not propose to conduct an institution where the arts, sciences, professions and higher learning are taught and degrees and honors conferred. The school will award certificates stating the date of entry of the student in the school, his attendance record, the names of the courses pursued, the grades or marks attained in those courses, along with a statement from the student's teachers as to the degree of proficiency and learning attained in the various courses taken."

Its articles of incorporation were submitted to the State board of education to have determined whether the college had met certain requirements of the statute providing for incorporation of an educational institution. The secretary of the State board of education certified as follows:

"The Detroit Commercial College:

"(1) Possesses adequate housing space and administration facilities for its declared field, or fields of education;

"(2) has an adequate educational program organized to give instruction leading to the diplomas which it proposes to offer;

"(3) has adequate laboratory, library and other teaching facilities for the carrying on of the program proposed;

"(4) has adequate staff, fully trained, for the teaching proposed;

"(5) has at least 50 per cent. of its capital paid in or reduced to possession, as appears from the statements contained in article 4, subparagraph (b) of the proposed articles of incorporation."

It also appears that the college gives a two-year course in specialized educational training preparatory to the taking of a position in the business world. The school is designed to prepare students to enter the business world with specialized training in the field of business. It is not a preparatory school to furnish certificates for advanced credit in any junior or preparatory college or other educational institution. Upon completing a course, students are furnished with a certificate of accomplishments for use in the business world. The college offers courses for persons entering the business world and for teachers in shorthand, professional reporting and court practice, English and correspondence, typewriting, bookeeping and accounting practice, business mathematics, constitutional and

business law, geography, insurance, banking, advertising, real estate, stocks and bonds, Detroit business and business decorum.

When the cause came on for trial, both parties asked for a summary judgment. The trial court entered judgment in favor of the city of Detroit in the sum of $794.78.

It is appellant's position that its personal property is expressly exempt from taxation by virtue of 1 Comp. Laws 1929, § 3397, as amended (Comp. Laws Supp. 1940, § 3397, Stat. Ann. 1947 Cum. Supp. § 7.9); that the phrase "educational * * * institutions, incorporated under the laws of this State" in the personal property tax exemption statute refers to the educational corporations provided for in the following:

"SEC. 170. * * * Any number of persons, not less than three, may incorporate for the purpose of conducting a school, academy, seminary, college or other institution of learning where preparatory subjects or the arts, sciences, professions, special occupations and higher learning may be taught. Such corporations are hereinafter called educational corporations. Educational corporations may be organized for profit or by trustee corporations if so provided. Educational corporations organized for profit or as trustee corporations shall also comply with the provisions of this act relating to corporations for profit or trustee corporations, as the case may be. Educational corporations shall be governed by the provisions of this act relating to corporations generally except as specifically otherwise provided." Act No. 327, § 170, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135–170, Stat. Ann. § 21.171).

Prior to 1939 the certification by the State board of education was not required as a condition precedent to incorporation. Act No. 162, Pub. Acts 1939, amended certain sections of the corporation code

pertaining to the incorporation of educational institutions including section 171* (Comp. Laws Supp. 1940, § 10135–171, Stat. Ann. 1939 Cum. Supp. § 21.172) to provide that every educational corporation, before being authorized to file its articles of incorporation, shall be required to present a statement to the Michigan corporation and securities commission from the State board of education as to certain matters. Among these are that the proposed corporation possesses adequate housing space and administration facilities; and that it has an adequate educational program to give diplomas or degrees which it proposes to offer.

In our opinion the certification by the State board of education, while required by the act in question before articles of incorporation can be filed, does not control taxing officials and courts. The act if given the construction claimed for it by appellants would in effect delegate to the State board of education and to the corporation and securities commission the power to determine what corporations are entitled to enjoy exemption from taxation. Such authority cannot be delegated by the legislature. See *Colony Town Club* v. *Michigan Unemployment Compensation Commission,* 301 Mich. 107.

The general rule of taxation is that the party claiming exemption from taxation as an educational institution has the burden of establishing the fact that it is such an institution. See *Engineering Society of Detroit* v. *City of Detroit,* 308 Mich. 539.

The rule is also well stated in 2 Cooley on Taxation (4th Ed.), p. 1403, § 672:

"An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will

* Section 171 was also amended by Act No. 160, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 10135–171, Stat. Ann. 1947 Cum. Supp. § 21.172).—REPORTER.

admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a specific privilege or exemption is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubftul or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant."

In *Parsons Business College* v. *City of Kalamazoo,* 166 Mich. 305 (33 L.R.A. [N.S.] 921), plaintiff filed its bill of complaint against the city of Kalamazoo to have its property declared exempt from taxation by virtue of the following provisions of Act No. 309, § 7, Pub. Acts 1909:

"Fourth. Such real estate as shall be owned by library, benevolent, charitable, educational and scientific institutions, incorporated under the laws of this State, with the buildings and other property

thereon, while occupied by them solely for the purposes for which they were incorporated."*

The college was the usual type of business college, incorporated for the purpose of claiming the exemption. The subjects taught were bookkeeping, penmanship, business law as used in the ordinary work of the school, shorthand, typewriting, grammar and correspondence. The college owned its own building and the taxes sought to be exempted were real estates taxes. In denying relief, we said:

"In our opinion it does not in any way measure up to the standard it has set up and claims for itself. It cannot be called a general educational institution. It is organized and conducted for special purposes only. It completes its courses in three, six, nine, and twelve months. The statute under which it is incorporated prohibits the granting of diplomas by it 'unless candidates shall have pursued such course of study for at least two years.' It is a matter of common knowledge that during the periods which complainant has fixed for the completion of the subjects indicated in the statement of facts, except typewriting and stenography, students could obtain but a mere smattering of knowledge. Not that this institution and similar ones are not useful and very beneficial to a large class, but to put them, as complainant suggests, in the same class with Hillsdale, Olivet, Albion, and Kalamazoo colleges, well-known institutions in this State, would be giving this statute a construction which the facts will not warrant, and which evidently was not within the legislative intent, and contrary to the former construction. It appears from the record that the incentive to incorporation was to avoid taxation, and not to obtain recognition as a general educational institution."

While it is true that the *Parsons Case* involves real estate taxes and the school was incorporated

---

* This is a part of Act No. 206, § 7, Pub. Acts 1893, as then amended. Section 7 was last amended by Act No. 24, Pub. Acts 1946 (1st Ex. Sess.).—Reporter.

for the purpose of avoiding such tax, yet the same principle is involved in each case, namely, whether the school was an "educational institution" and as such was exempt from taxation. In each case the school was conducted as a commercial enterprise and to train people to enter the business world.

In *Webb Academy* v. *City of Grand Rapids*, 209 Mich. 523, the school was incorporated for profit. Its purpose was to prepare students for colleges and universities, to furnish regular and special courses in the academic grades, and such purposes as may be incident to academic educational institutions. It sought exemption from real estate taxation under the following statute:

"The following real property shall be exempt from taxation: * * *

"*Fourth.* Such real estate as shall be owned and occupied by library, benevolent, charitable, educational and scientific institutions incorporated under the laws of this State, with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated. 1 Comp. Laws 1915, § 4001."*

We there held that even though the school was conducted for profit it was entitled to exemption from real estate taxes because it was a general educational institution and not a business college or special school. We there said:

"Of the educational character of the Webb Academy it appears that William E. Webb, a teacher who has been engaged in educational work for approximately 25 years, is its president and general manager, and may be said to have been its founder. Previous to its incorporation he had conducted a private school in Grand Rapids for a number of years, at first in other quarters and later in the

---

* 1 Comp. Laws 1915, § 4001, as amended by Act No. 118, Pub. Acts 1927, was 1 Comp. Laws 1929, § 3395.—REPORTER.

building upon the premises in question, which he leased for that purpose. On April 3, 1912, he with four others incorporated the institution and purchased the property, upon which there is yet a mortgage. The institution makes the required reports and complies with all legal obligations of an institution so incorporated, adopts as a basis the curriculum of the public schools, has a complete academic course of four years, upon conclusion of which diplomas are granted. Its certificates of credit are recognized in other institutions of learning. Its graduates are admitted upon their diplomas without entrance examinations to various colleges and have successfully continued their education in the University of Michigan, Albion College, Kalamazoo and Ypsilanti Normals and other institutions. It does special work in tutoring and advancing by personal attention pupils deprived of early educational advantages and prepares those capable and so desiring for entering higher institutions. The trial judge finds upon that subject and states of certain of its instructors as follows:

" 'It includes a course of study which is the same as high schools of this city, and in addition thereto many pupils are attending for the purpose of being coached in some particular studies; pupils who have failed in the various schools of this city and need special work, also attend this academy; some of such work is conducted in the evenings in this building. * * * His (Webb's) wife is also one of the principal teachers therein. Miss De Graff has been a teacher therein since the school was incorporated; Mr. George, father of Mrs. Webb, is also a lecturer and instructor therein; these four have been teachers constantly in this academy since its incorporation and some of them were teachers in this school building upon these premises before its incorporation.' "

See, also, *Engineering Society of Detroit* v. *City of Detroit, supra.*

It should be noted that the course of study prescribed by the Webb Academy fitted into the general scheme of education provided by the State and supported by public taxation. We think this was the test in the minds of the legislature when it enacted legislation providing for exemption from taxation of educational institutions. It clearly appears that the Detroit Commercial College is a specialized school operated for the purpose of training its students to enter into specialized fields of employment. It is not such a school or college as is entitled to tax exemption.

The judgment of the circuit court is affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.