ATTORNEY GENERAL *v.* CAPITOL SERVICE, INC.

1. CORPORATIONS—EDUCATIONAL ACTIVITY—SUPERVISION—LICENSES—
   ULTRA VIRES.

   Course of action of defendant profit corporation in selling courses
   of instruction to persons intending to take civil service ex-
   aminations, as set forth in quo warranto proceeding to oust
   it from its corporate franchise *held,* to constitute an educa-
   tional activity not conferred by its corporate franchise, hence,
   *ultra vires,* the incorporation not having been effected under
   portion of general corporation act relating to educational
   corporations subject to supervision of the superintendent of
   public instruction and license by the State board of education
   (CL 1948, § 450.170).

2. SAME—EDUCATIONAL ACTIVITY—PUBLIC POLICY.

   The performance of educational functions by a corporation not
   authorized so to do by statute subjecting it to supervision of
   the superintendent of public instruction and licensure by the
   State board of education is contrary to public policy and viola-
   tive of law (CL 1948, § 450.170).

Original quo warranto proceedings by Thomas M.
Kavanagh, Attorney General for the State of Mich-
igan, against Capitol Service, Inc., a Michigan corpo-
ration, challenging its right to engage in educational
activities.   Submitted January 15, 1959.   (Docket
No. 74, Calendar No. 47,650.)   Judgment of ouster
granted February 20, 1959.

*Paul L. Adams,* Attorney General, *Samuel J.
Torina,* Solicitor General, *Maxine Boord Virtue,* As-
sistant Attorney General, for plaintiff.

*Robbins & Wechsler (John L. Nagy,* of counsel),
for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations §§ 1309, 1317.

DETHMERS, C. J. This is an original proceeding in the nature of quo warranto for ouster of defendant from its corporate franchise. The basis for the action, as claimed by plaintiff, is that defendant is engaged in educational activities which are *ultra vires,* unauthorized by and. in violation of law, and against public policy. The facts essential to decision, disclosed by the pleadings, are not in dispute.

Defendant is incorporated for pecuniary profit under the Michigan general corporation act, PA 1931, No 327, as amended (CL 1948, § 450.1 *et seq.,* as amended [Stat Ann § 21.1 *et seq.,* as amended]). Its articles of incorporation, as last amended, state its corporate purposes to be:

"To aid, assist, advise and counsel persons seeking employment with governmental agencies, to provide information, pamphlets and data relating to employment with governmental agencies, to print, publish, sell and distribute periodicals, pamphlets, papers, brochures, cards and letters relating to employment with governmental agencies, to manufacture, sell and deal in books, maps, charts, examination papers, stationery, models, casts, drawings, engravings, instruments and school supplies of every class and description.

"To make, perform, and carry out contracts of every kind and description pertaining to the purpose of this corporation and for any lawful purposes necessary and expedient thereto with any person, firm, association or corporation."

Defendant is not incorporated under section 170[*] of said act as an educational corporation subject to the requirements of the State board of education and the superintendent of public instruction, nor has it obtained a license from the State board of education as a private trade school, business school or institute, as provided by the private trade school

---

[*] CL 1948, § 450.170 (Stat Ann § 21.171).—REPORTER.

act, PA 1943, No 148, as amended (CL 1948, § 395.101
*et seq.,* as amended [Stat Ann § 15.627 (1) *et seq.,* as
amended] ).

Defendant says that it "is in the business of aiding
and advising persons seeking employment with gov-
ernmental agencies," "sells generalized information
to persons seeking civil service employment," "is
preparing persons for the taking of nontechnical
civil service examination," and furnishes "prescribed
courses of information." Its receipt, given upon
payment for its services, describes them as a "course
of training." It issues to a person, described in
its instruction sheet as its "student," an "Enroll-
ment Agreement" which states that defendant is
"preparing" its student for "civil service examina-
tions," that the student has applied for defendant's
"course of training" "designed to prepare me for a
general type of civil service examination," that the
student's "failure to study or send in lessons will not
affect my obligation" to defendant, that if the stu-
dent should "fail to pass upon the first civil service
examination taken" he is to receive from defendant
further "training" and "coaching" for a period of
2 years, that the student will "receive the complete
course of study consisting of preliminary test and
30 lessons" and then "a review test (very similar
to the government examination) on each assignment
of lessons," that the tests will be "promptly cor-
rected" and returned to student with "errors
checked" and "proper grading" by defendant's
"trained experts," that defendant will mail "lessons"
and "assignments" to the student in the "most logical
order," and that the student "will be entitled to a
complete review" of his "training" for a period of
2 years "if further coaching is necessary." Defend-
ant's instruction sheet issued to its student stresses
"the great need for studying this course with care"
and states that "a legal teacher will review" all com-

pleted lessons sent in by the student. The record and exhibits disclose that certain persons paid defendant for the course, received lessons, took the tests and that the course of action, as above outlined, was pursued by the so-called students and by defendant.

Plaintiff says (1) that the activities of defendant are educational, *ultra vires* because outside the scope of the authority expressed in its articles of incorporation, warranting defendant's ouster from its corporate franchise under authority of *Attorney General* v. *Contract Purchase Corporation,* 327 Mich 636; *Attorney General* v. *Marital Endowment Corporation,* 257 Mich 691; *People, ex rel. Attorney General,* v. *Michigan Sanitarium & Benevolent Association,* 151 Mich 452, and (2) that the conducting of those educational activities by defendant, without supervision of the superintendent of public instruction or a license of the State board of education, is, for those reasons, against public policy and that it is in violation of law because defendant is not incorporated under the above-mentioned statutory provisions as an educational corporation or trade school.

Defendant counters by asserting that its use of labels and terminology describing its merchandise for sale as a "course of training" or "lessons" and its customers as "students," undoubtedly lending itself admirably to consumption by gullible prospects for that type of education, ought not to beguile this Court into believing that it is engaged in teaching, educating or educational activities because its conduct, in fact, does not amount to that, but only to the business of selling materials. While labels are not controlling, so long as defendant sticks to them, it ought not to complain of being stuck with them. All nomenclature aside, however, we think that the defendant's course of action does constitute an educational activity, in excess of the power conferred by its corporate franchise, and is, therefore, *ultra*

*vires.* Section 170 of the act provides for incorporation of an "institution of learning where preparatory subjects or the arts, sciences, professions, special occupations and higher learning may be taught." There can be no doubt that the furnishing to a student, for valuable consideration, of educational materials, the submitting of examination questions to him, the correction, grading and returning of the same to him for his information, and subsequent forwarding to him of further lessons and assignments in logical order, giving him a complete review of his training for a period of 2 years and preparing him for civil service examinations does amount to teaching. Defendant is engaged in teaching subjects. It therefore fits the language of the statute and, as such, should be incorporated thereunder and subject itself to the requirements of the statute and of the State board of education and superintendent of public instruction as by law provided. For defendant to proceed otherwise, as it has done, is contrary to public policy as declared by the legislature and violative of the law.

*City of Detroit* v. *Detroit Commercial College,* 322 Mich 142, cited by defendant, does not hold that a commercial college is not an educational institution, but only that it is not the kind of educational institution which the legislature intended to exempt from taxation. The opinion in that case discloses that the institution in question had incorporated under section 170 of the act as an educational corporation and applied for and received certification from the State board of education to the effect that it (p 146) "had met certain requirements of the statute providing for incorporation of an educational institution." It affords no support for defendant's contention that it is not performing the functions of an educational corporation.

A judgment may enter ousting defendant from the privileges and franchises not conferred upon it by its articles of incorporation and exercised without authority of and in violation of law. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.