COLONIAL TOWNHOUSE COOPERATIVE, INC. *v.*
CITY OF LANSING

1. MUNICIPAL CORPORATIONS—HOUSING DEVELOPMENT—TAX EXEMPTION—CONSTRUCTION OF STATUTE.

A municipal authority is not required by statute to adopt a resolution granting a tax exemption to a housing project of a non-profit housing corporation or consumer housing cooperative located in that municipality, even though the project qualifies for such exemption (MCLA § 125.1415).

2. CONSTITUTIONAL LAW — DELEGATION OF AUTHORITY — MUNICIPAL CORPORATIONS — HOUSING DEVELOPMENT — TAX EXEMPTION — ARBITRARY POWER.

The delegation to a municipal authority of the power to grant or deny a tax exemption to a housing project of a non-profit housing corporation or consumer housing cooperative located in that municipality and qualified for such a tax exemption is not a grant of arbitrary power since the legislature envisioned a judgment on the part of the municipal authority between the loss of tax revenue by granting the exemption and the need for and benefit from a low- or middle-income project (MCLA § 125.1415).

Appeal from Ingham, Gordon W. Britten, J. Submitted Division 2 June 5, 1970, at Lansing. (Docket No. 8,191.)  Decided June 26, 1970.

Complaint by Colonial Townhouse Cooperative, Inc., and Village Townhouse Cooperative, Inc., against the City of Lansing and its mayor and council for mandamus to compel the city to adopt a

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Municipal Corporations § 387.

resolution which would give plaintiffs a tax exemption on certain property and for recovery of taxes paid under protest.   Summary judgment for defendants.   Plaintiffs appeal.   Affirmed.

*Glassen, Parr, Rhead & McLean* (*Gurwin & Snyder,* of counsel), for plaintiffs.

*Oskar M. Hornbach,* City Attorney, and *Lawrence C. Reddy,* Assistant City Attorney, for defendants.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

QUINN, J.  Plaintiffs' original complaint sought a writ of mandamus to compel the defendant city to adopt a resolution, which plaintiffs say is mandated by the statute hereinafter cited, that would afford plaintiffs a tax exemption on the property involved. During the pendency of the action, the taxes fell due, and plaintiffs paid them under protest.  Thereafter, plaintiffs' complaint was amended to seek recovery of the taxes paid under protest.  Defendants moved for summary judgment, which was granted.

On appeal, plaintiffs pose the following issue:

"Are the provisions of § 15 (MCLA § 125.1415; Stat Ann 1968 Rev § 16.114(15)) of Act 346 of the Public Acts of 1966 granting tax exemption to certain housing projects mandatory exemptions from all taxes, or do these provisions leave the matter discretionary with the municipality?"

The section of the statute involved reads in part:

"When the governing body of any municipality in which a housing project of a nonprofit housing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

corporation or consumer housing cooperative is or will be located by resolution finds that the housing project is or will be financed with a federally-aided mortgage, or with a loan from the authority under chapter 2, to serve low income or moderate income persons, then the housing project shall be exempt from all taxes of the state or any city, village, township, or any other political subdivision or public body or taxing district. In lieu of the taxes, the nonprofit housing corporation or consumer housing cooperative owning the housing project shall pay to the municipality an annual service charge for public services supplied to the housing project in such amount (1) not exceeding the tax on the property on which the housing project is located for the tax year prior to the date when the construction of the housing project was commenced, or (2) 10% of the annual shleter rents obtained from the housing project, whichever is greater, as may be agreed to by the municipality and the nonprofit housing corporation or consumer housing cooperative."

Defendants admit that plaintiffs qualify as a project under the act but contend plaintiffs are not entitled to a tax exemption because the council of defendant city did not adopt the resolution specified in the statute. Defendants contend the latter action is discretionary and not mandatory. The trial court interpreted the statute as discretionary with respect to adopting the required resolution and held that plaintiffs were not entitled to an exemption because no resolution was adopted.

The basic position of plaintiffs is that once the facts which qualify a housing project for an exemption are established (here by admission), the required resolution must be adopted by the municipal authority. Otherwise, the statute grants arbitrary authority to the municipal authority to grant or withhold the benefits created by the act. This,

they say, is constitutionally improper, citing *Hoyt Brothers, Inc.,* v. *City of Grand Rapids* (1932), 260 Mich 447; *People* v. *Sturgeon* (1935), 272 Mich 319; *Ritter* v. *City of Pontiac* (1936), 276 Mich 416. Although these cases are distinguishable from the case at bar, we see no need to point out the distinctions because we do not read the statute as granting any arbitrary authority.

The statute involved is a section of the state housing development act, the purpose of which was to assist in the supply of low or middle income housing. The statute does not require that the governing authority adopt the necessary resolution for a project which qualifies under the act for tax exemption. If it did, it would remove from the municipal authority control over its revenue. The statute envisions a judgment on the part of the municipal authority between the loss of tax revenue by granting the exemption and the need for and benefit of a low or middle income project. This does not constitute a grant of arbitrary authority to grant or withhold the benefit of tax exemption. Nor does this case involve an arbitrary exercise of the authority granted, as would be the case if exemption was granted to one qualified project and denied to another.

Plaintiffs also contend that the amendment of the statute, cited earlier, by PA 1968, No 334, MCLA 1969 Cum Supp § 125.1415a (Stat Ann 1969 Cum Supp § 16.114[15a]) supports their interpretation of the original statute. We disagree. Under the original statute, the exemption was dependent on affirmative action by the municipal authority, namely: adoption of the resolution. Under the amendment, the exemption was granted by statute but it was subject to elimination by affirmative action by

the municipal authority, namely: adoption of an ordinance.

Affirmed with costs to defendants.

All concurred.