# STATE v. NORTHWESTERN VOCATIONAL INSTITUTE, INC.[1]

January 12, 1951.

No. 35,213.

---

[1]Reported in 45 N. W. (2d) 653.

*Nelson, Palmer & Moses,* for appellant.

*James F. Lynch,* County Attorney, and *Roy A. Macdonald* and *Edward E. Cleary,* Assistant County Attorneys, for the State.

THOMAS GALLAGHER, JUSTICE.

Proceedings by the state to enforce collection of delinquent personal property taxes for the year 1947 against defendant, a Minnesota corporation.

Defendant, a private domestic corporation, maintains and operates a trade school in St. Paul under the name of Northwestern Vocational Institute, Incorporated, hereinafter designated *Vocational.* The school instructs and trains its students for (1) radio repair service, (2) operation of radio transmitters, (3) maintenance of electrical equipment, and (4) maintenance of television equipment. Its instruction includes a 17-week basic course, after which students may select one or more of the four divisional courses above described for further specialization. The additional time required for each of such specialized divisions is respectively 8½ weeks, 8 weeks, 17 weeks, and 17 weeks.

Expert testimony was submitted to the effect that such courses give only a "smattering of knowledge" in the described fields. While most of *Vocational's* students have been high school graduates, this is not a prerequisite to admission. It has operated since 1930. Since that time, its articles of incorporation have been amended five times, the last revision having been made immediately after the assessment of the 1947 personal property taxes.

Defendant contests the assessment on the ground that at the date thereof it was operating *Vocational* as a *seminary of learning,* at which time all the personal property against which the tax was assessed was in use in conjunction therewith; hence, that it was exempt from taxation under Minn. Const. art. 9, § 1, and M. S. A. 272.02, absolving both public and private schools, colleges, and "seminaries of learning" from taxation.

After an extended hearing, the trial court made findings:

"That the defendant corporation does not operate a school in which the several branches of learning are taught nor is it of like grade with the public schools, colleges, universities, academies or seminaries of learning and that said defendant corporation does not teach any of the academic subjects.

"That said property was not during the year 1947, * * * owned and used as a seminary of learning within the exemption provisions of the constitution of the State of Minnesota and the laws of the State of Minnesota."

Based thereon, it concluded that defendant was not exempt from the contested personal property taxes. Judgment therefor was subsequently entered, and this appeal is taken therefrom.

The sole question presented for determination here is whether *Vocational,* at the time of the assessment described, was a *seminary of learning* within the meaning of that term as used in Minn. Const. art. 9, § 1, and in M. S. A. 272.02 so as to bring its personal property within the exemption therein provided.

The constitutional exemption for private educational institutions created by art. 9, § 1, was intended to foster the public benefits accruing from their maintenance on a sound and progressive basis by granting indirect financial aid to them through the tax exemptions provided for therein. See, County of Hennepin v. Bell, 43 Minn. 344, 45 N. W. 615; Ramsey County v. Stryker, 52 Minn. 144, 53 N. W. 1133; State v. Bishop Seabury Mission, 90 Minn. 92, 95 N. W. 882; State v. Carleton College, 154 Minn. 280, 191 N. W. 400. As stated in State v. Carleton College, *supra* (154 Minn. 284, 191 N. W. 402):

"* * * In every city of any magnitude, the demand for more school buildings and more extensive grounds to be used in connection therewith is increasing. With this situation in mind, should strict rules of construction be applied to the tax exemption of *private institutions doing the very work the state deems so imperative,*

but wherein it realizes that with all its efforts the desired measure of success has not been fully achieved? We think not." (Italics supplied.)

The same sentiment was expressed in the Bishop Seabury Mission case as follows (90 Minn. 97, 95 N. W. 883):

"The work of such institutions is done primarily for the individual educated, but results ultimately in the *public good*. Their function is largely public, * * *." (Italics supplied.)

See, also, State v. N. W. Preparatory School, Inc. 228 Minn. 363, 37 N. W. (2d) 370.

It seems clear from the foregoing that this constitutional tax exemption for private educational institutions was intended to extend only to those private institutions which provide at least some substantial part of the educational training which otherwise would be furnished by the various publicly supported schools, academies, colleges, and seminaries of learning and which, to such extent, thereby lessen the tax burden imposed upon our citizens as the result of our public educational system.

■ That all institutions designating themselves either as *vocational institutes, colleges, seminaries of learning,* or like terms do not fall automatically within this constitutional exemption is manifested in State v. N. W. College of Speech Arts, Inc. 193 Minn. 123, 128, 258 N. W. 1, 3, where this court stated:

"There are institutions teaching various accomplishments * * * which are not to be classed with 'seminaries of learning' or 'colleges' or 'academies' to which the constitution grants exemption from taxation. We have barber colleges, dancing academies, riding schools, and the like, which no one will claim to be exempt from taxation."

There it was pointed out that the Northwestern College of Speech Arts, Inc., provided educational training identical with that found in public colleges and seminaries of learning, and that it offered a four-year course at the regular college level, specializing in speech and leading to the degree of Bachelor of Arts in speech at the suc-

cessful termination thereof. The ease with which its work might be assimilated into that of a publicly supported college was a material factor in influencing the decision that it was exempt as a seminary of learning.

■ Based upon the foregoing principles, it would seem that the evidence here is sufficient to sustain the trial court's finding that defendant, as presently constituted, does not provide courses similar to or capable of being assimilated by those provided in our public educational system so as to entitle it to the tax exemption claimed. The limited training it offers constitutes only a mechanical approach to those fields in which it deals. Upon conclusion of its training period, its students qualify only as beginning servicemen or repairmen.

Dr. Henry E. Hartig, instructor of electrical engineering at the University of Minnesota, testified that the curriculum offered by *Vocational* was not on a college basis; that it was not graded by properly constituted grading agencies; that it had no stated entrance requirements; that a person might acquire the same information gained from its course sufficient to qualify him as a serviceman or repairman by working in a radio shop or in the industry; that it did not offer a continuous or integrated program which included general education as well as technical education and training; that the background gained from its 17 weeks' basic course was entirely inadequate as preparation for more advanced work; that its work was not given at a college level; and that its students could not transfer therefrom to a college or university with credit for such work.

Mr. Edwin F. McKee, administrator of secondary schools in St. Paul, testified that he had examined the curriculum of *Vocational* and that he would classify it as a trade school[2]; that its students were not instructed in the several branches of learning, including a study of history, mathematics, science, English, or

[2]Private trade schools are governed by M. S. A. 141.01 to 141.11. No tax exemption for such institutions is authorized thereby.

foreign languages such as are required in a high school or college; and that it was not similar or comparable to an elementary school, high school, or college, but was a specialized school not teaching the same general subjects which are taught in the former.

Dr. W. B. Bryan, of Macalester College in St. Paul, testified that from his examination of the courses offered by *Vocational* it was his conclusion that it was not similar in grade to a college recognized by the North Central College Association, but appeared to be a trade school.

Dr. Hurst R. Anderson, president of Hamline University in St. Paul, testified that *Vocational* was not an institution of general education, but was a typical vocational institute or trade school; and that a student finishing its course was not properly educated from the standpoint of a general education for social usefulness in society.

Their testimony was corroborated by witnesses called on behalf of defendant. Mr. A. A. Conrad, its secretary-treasurer, in a letter to the office of the county attorney of Ramsey county, stated:

"* * * We have already lined up qualified part-time, college-level instruction on academic subjects from College of St. Thomas, Macalester College and Hamline University."

At the trial, he frankly admitted that no such part-time instruction at any of the colleges had been procured.

Mr. Fred S. Melius, chief instructor at *Vocational*, testified that the school had no physics instructor, no chemistry instructor, and no mathematics instructor.

It is clear from the foregoing that the evidence is sufficient to sustain the trial court's finding that defendant was not exempt from taxation as a seminary of learning within the concept of that term in Minn. Const. art. 9, § 1, as interpreted by this court in the decisions above referred to.

■ Our conclusion is not in conflict with the decisions of many foreign jurisdictions where the same issue has been presented. See, Turnverein "Lincoln" v. Board of Appeals, 358 Ill. 135, 192 N. E.

780; German Gymnastic Assn. v. City of Louisville, 306 Ky. 810, 209 S. W. (2d) 75; Lichtentag v. Tax Collector, 46 La. Ann. 572, 15 So. 176; Parsons Business College v. City of Kalamazoo, 166 Mich. 305, 131 N. W. 553, 33 L.R.A.(N.S.) 921; City of Detroit v. Detroit Commercial College, 322 Mich. 142, 33 N. W. (2d) 737.

Affirmed.

