STATE v. NORTHWESTERN PREPARATORY SCHOOL.
NORTHWESTERN PREPARATORY SCHOOL v. STATE.

83 N. W. (2d) 242.

May 17, 1957—Nos. 37,072, 37,073, 37,074,
37,075, 37,076.

*Palmer & Palmer,* for appellant.

*George M. Scott,* County Attorney, and *Edward J. Shannon,* Assistant County Attorney, for respondent.

MATSON, JUSTICE.

Appeals in five tax cases consolidated for trial, first, from four judgments for delinquent personal and real property taxes,[1] and second, from an order denying a motion to vacate a judgment[2] for delinquent real estate taxes.

All five cases will be treated as one on this appeal since the only question which need be considered is whether the taxpayer, Northwestern Preparatory School, is exempt from taxation under Minn. Const. art. 9, § 1, and M. S. A. 272.02, which declare that *all acade-*

---

[1]Three of the judgments are for delinquent personal property taxes for 1952, 1953, and 1954, and one judgment is for delinquent real estate taxes for 1953.

[2]This judgment is for delinquent real estate taxes for 1948 inclusive of attached delinquent taxes for years 1949 through 1952.

*mies, colleges, and universities, and all seminaries of learning shall be exempt from taxation.*

The Northwestern Preparatory School is a nonprofit corporation organized under the laws of the State of Minnesota for the declared corporate purpose of establishing and maintaining a school "for the thorough training of young men *for the competitive and entrance examinations* for the United States Military Academy at West Point, the United States Naval Academy at Annapolis, the United States Coast Guard Academy *and for appointment to and service* in the Army, Navy, Air Corps or other services for the United States of America." (Italics supplied.) In the foreword of the school prospectus it is expressly stated that the purpose is to meet the need for a *preparatory* and *coaching* school for candidates for admission to the various military academies.

Although the school has no established entrance requirements, it appears that of the 50 to 52 students enrolled each year during the period in question, namely, from 1948 to 1953, 43 to 45 students were high school graduates and that a student having only a ninth grade education would not be admitted. Grades achieved on Army or Navy general comprehension tests may furnish a basis for entrance.

The course of instruction is ordinarily completed in five to six months (depending on which academy the student intends to enter), but a student may enter at any time during the course and be fitted to take the examination at the same time as the rest of the students. The course of instruction comprises mathematics, including algebra, geometry, and trigonometry; English, grammar and composition; English and American literature; and United States history. The course of instruction is geared to meet entrance examination requirements at the various United States academies, and examinations at the school contain material from prior examinations given at the academies.

Northwestern Preparatory School issues to its graduates no diplomas which may be used for admission to any publicly supported college, the University of Minnesota, or any accredited private college, nor does the school confer any degrees. It is not accredited by

the North Central Association of Colleges and Secondary Schools,[3] nor does it meet the standards set for public high schools by the Minnesota Department of Education.

Expert witnesses expressed the opinion that the school is a review or cramming agency providing concentrated brushup of work already covered in high school and is intended to prepare students for particular academies. Two educators testified that the course of instruction at Northwestern Preparatory School could not be integrated into the education program of publicly supported schools, that the work is not comparable to that given in accredited or publicly supported schools. Although a third expert testified that the course could be brought into the public school program, *it would necessarily be a review course.*

Expert witnesses agreed that Northwestern Preparatory School does not offer a course of instruction *which is a substitute for, or even a substantial part of,* the general educational program of publicly supported schools. Although the primary objective of Northwestern Preparatory School is to prepare the students for entrance examinations at the academies, the normal secondary public school has three broad objectives: To give the student a general education—that part of a student's whole education which looks first to his life as a responsible human being and citizen; to prepare him for college; and, for some students, to prepare him for some kind of vocation.

It was the opinion of an expert that the examinations given by the school illustrated a test of factual material but provided no measurement of an understanding of the principles of the course or of ability to apply those principles. Therefore, the course was characterized as cramming, the poorest kind of learning because one forgets it so rapidly. It was contended, however, for the petitioner that,

---

[3]North Central Association of Colleges and Secondary Schools is a voluntary organization of schools meeting certain standards. A school accredited by the Association must recognize credits given by any other member of the Association, but it need not recognize credits given by a nonaccredited school. Only about one-fifth of the senior high schools in Minnesota are members of the Association.

although 38 percent of those admitted to West Point and 27 percent of those admitted to Annapolis fail to graduate and an even larger percentage of those admitted to the Coast Guard and Merchant Marine Academy leave before graduation,[4] none of the students from Northwestern Preparatory School have failed out of the academies. (It is conceded that some have left for other reasons.) The expert, however, testified that the students who attend the academies retain a great deal of this factual learning because the academies teach in the same fields, although at a higher level. The repetition and the pressure to continue cramming keeps the student from forgetting. Even if that factual learning is retained only a short time, it does assist the student during his freshman year when 80 percent of the fatalities at the academies occur. Nevertheless, the course of instruction, he said, loses none of its characteristics as an intensive review or cram course.

Since an educational institution may teach a variety of useful accomplishments and yet not be the equivalent of an academy, college, university, or seminary of learning which is entitled to tax exemption under Minn. Const. art. 9, § 1,[5] it becomes essential, whenever tax exemption is claimed, first, to determine as a fact question the actual function an institution performs in the field of public education as reflected by the *basic nature, thoroughness, scope,* and *purpose* of the educational program which it regularly offers to its students. Conflicts in evidence as to the true character, thoroughness, scope, and basic purpose of its teaching activities, as in other fields of litigation involving factual disputes, must be resolved by the trier of fact, and if upon appeal, the trial court's findings are

---

[4]It may be inferred that these figures include those who leave for reasons other than failure.

[5]E. g., barber colleges, dancing academies, riding schools (see, State v. Northwestern College of Speech Arts, Inc. 193 Minn. 123, 258 N. W. 1), and certain limited or specialized trade schools are not seminaries of learning as to be entitled to tax exemption. As to trade schools, see State v. Northwestern Vocational Institute, Inc. 232 Minn. 377, 45 N. W. (2d) 653; Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 150, 59 N. W. (2d) 841, 846.

challenged, we must affirm such findings if they are reasonably sus-
tained by the evidence as a whole.[6] In passing upon the evidence in
the instant case, it is admitted that the Northwestern Preparatory
School is not an academy, college, or university and that, if it is to
acquire a tax-exempt status under the constitution, it must establish
itself as a seminary of learning. It is also elementary that he who
seeks tax exemption has the burden of proof.[7] The constitutional
and statutory provisions granting tax exemption to academies, col-
leges, universities, and seminaries of learning are construed less
strictly than other tax exemption provisions since the policy of the
state has consistently been to encourage the establishment of private
educational institutions.[8]

 Before determining whether the evidence sustains the find-
ings of the trial court, and whether those findings sustain the con-
clusions of law, we turn to a consideration of the guiding principles
which must be followed in determining whether a school, whatever
it chooses to call itself, is in fact and in law a seminary of learning
as to be entitled to tax exemption. The basis of all tax exemption—
and this includes seminaries of learning—is the accomplishment of
public purposes; an exemption is not granted for the purpose of
favoring particular persons or corporations at the expense of tax-
payers generally.[9] The accomplishment of the requisite public pur-
poses in the case of seminaries of learning is that of providing:

"* * * some *substantial part* of the educational training which
otherwise would be furnished by the various publicly supported

[6]Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 146,
59 N. W. (2d) 841, 844.

[7]Christian Business Men's Committee v. State, 228 Minn. 549, 38 N. W.
(2d) 803; State v. Bishop Seabury Mission, 90 Minn. 92, 95 N. W. 882;
St. Peter's Church v. County of Scott, 12 Minn. 280 (395) ; 11 Minn. L. Rev.
541, 549; 18 Dunnell, Dig. (3 ed.) § 9150(4).

[8]Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143,
59 N. W. (2d) 841; 18 Dunnell, Dig. (3 ed.) § 9151c.

[9]Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 149,
59 N. W. (2d) 841, 846; State v. Bishop Seabury Mission, 90 Minn. 92,
95 N. W. 882.

schools, academies, colleges, and seminaries of learning and which, to such extent, thereby lessen the tax burden imposed upon our citizens as the result of our public educational system."[10] (Italics supplied.)

■ The requisite that a *substantial part* of the branches of general learning offered by a publicly supported seminary must be furnished by a school before it qualifies for tax exemption is satisfied only if its regular curriculum of instruction is a reasonable substitute for the usual program of courses pursued by a student enrolled at a comparative educational level in the public system, *and to be a reasonable substitute* it must appear (1) that the required curriculum (though it may embrace fewer courses than are usually offered in the public system[11]) embraces a sufficient variety of academic subjects to give the student a general education[12] and (2) that the units of educational training are readily assimilated as an integral part of the public school system in that each essential subject is taught in such a comprehensive and thorough manner that, if a student were transferred to the same grade or level of

[10]State v. Northwestern Vocational Institute, Inc. 232 Minn. 377, 380, 45 N. W. (2d) 653, 655; Graphic Arts Educational Foundation, Inc. v. State, *supra*.

[11]Thus, in State v. Northwestern College of Speech Arts, Inc. 193 Minn. 123, 127, 258 N. W. 1, 3, an institution offering instruction in speech and music was held exempt as a seminary of learning despite the fact that it specialized in only a few branches of learning. The court pointed out that the institution required its students to be high school graduates, that it issued a diploma at the end of a two-year course, and conferred the degree of Bachelor of Arts in speech education on completion of a four-year course. The latter degree could be the basis for issuance of a special provisional teacher's certificate by the Department of Education. Thus, in its specialized area the institution provided a substantial portion of the educational training which otherwise would have been furnished by publicly supported schools.

[12]Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 150, 59 N. W. (2d) 841, 846; State v. Northwestern College of Speech Arts, Inc. 193 Minn. 123, 258 N. W. 1.

instruction in the public system, he would receive full credit for his work in that subject.[13]

In summarizing the controlling facts we have, as we are required to do, reviewed the evidence in the light most favorable to the trial court's findings. The trial court found that the purpose of the Northwestern Preparatory School's course of instruction is geared to the primary objective of assisting its students to pass competitive entrance examinations for admission as a cadet at one of the United States academies. The court further found that its educational program is a review of the knowledge and academic learning acquired by the student on the secondary school level prior to his enrollment and that such educational program afforded by the defendant school is not a substitute for a substantial part of the general educational program provided for students in publicly supported high schools and colleges.

Despite the fact that the Northwestern Preparatory School's courses of instruction include many academic subjects which are necessary to a general education, a consideration of the evidence as a whole reasonably supports a finding that none of the subjects are taught in a sufficiently comprehensive manner to constitute a reasonable substitute for any substantial part of the instruction offered by a publicly supported seminary of learning. Not only is the treatment of each subject narrow in scope but, in keeping with the declared purpose of training the students for the immediate and limited objective of passing competitive examinations at the military academies, it falls short of providing that basic thoroughness which characterizes a general education. The instruction is not given on the same, or on a comparable, plane as in the same course of study offered in the public high schools, and instead of being a substitute for, it is rather a supplement to, the general education program offered by publicly supported schools. Furthermore, there are no established entrance requirements; and a student may not transfer from the school to a corresponding public school or to any

---

[13]Graphic Arts Educational Foundation, Inc. v. State, *supra;* State v. Northwestern Vocational Institute, Inc. 232 Minn. 377, 380, 381, 45 N. W. (2d) 653, 655, 656.

college or university with credit for the work. The method of instruction employed has been aptly characterized by expert witnesses as a cramming or intensive review course designed primarily for passing competitive entrance examinations. In short, it is primarily a coaching school to give students a brushup review of subjects already taken. The evidence clearly supports the trial court's findings and conclusions of law that the Northwestern Preparatory School is not a seminary of learning, and does not, therefore, qualify for exemption from real and personal property taxes under provisions of Minn. Const. art. 9, § 1, and M. S. A. 272.02.

The judgments and order of the trial court are affirmed.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

After a careful review of testimony and exhibits submitted in evidence, I have reached the conclusion that Northwestern Preparatory School furnishes a substantial part of the educational training which otherwise would be furnished by publicly supported schools in connection with its work in preparing students for the various United States military academies, and hence should be exempt from taxation.