(No. 34529.—

THE RAY SCHOOLS-CHICAGO-INC., Appellee, *vs.* ROY F. CUMMINS, Director of Labor, *et al.*, Appellants.

*Opinion filed November 20, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellants.

McKEOWN, TRUSSELL & BOLLAND, of Chicago, (EDWARD P. McKEOWN, and RAYMOND J. BOLAND, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Claims for unemployment benefits filed by three former employees of appellee, The Ray Schools-Chicago-Inc., a nonprofit corporation organized under the laws of Illinois, provoked the question of whether, for the calendar year 1950, appellee was a corporation operated exclusively for educational purposes, no part of whose net profits inured to the benefit of any private shareholder or individual, so as to exempt it from making employer contributions under the Unemployment Compensation Act. (See: Ill. Rev. Stat. 1949, chap. 48, par. 218(f)(6)(A)(5)(G).) Deputies for the Division of Unemployment Compensation found the claimants were eligible for benefits, and appellee appealed to the hearings referee of the Department of Labor on the ground that money earned in its employ in 1950 did not qualify one for benefits, inasmuch as employment

in its service was exempt under the statute. The referee concluded appellee was operated exclusively for educational purposes but denied exemption because its operation failed to satisfy the further requirement of the statute that no part of its net earnings inure to the benefit of any private shareholder or individual. The department's board of review affirmed such finding, whereupon appellee filed a complaint for administrative review in the circuit court of Cook County joining the Director of Labor as a party defendant. The circuit court reversed the administrative decision and this direct appeal for further review has been brought by the director, the board of review, and the benefit claimants.

We are first met with the question of whether appellee is an institution operated exclusively for educational purposes within the meaning of the exemption provision of the Unemployment Compensation Act. The trial court refused to pass upon the merits of such issue, indicating, by means of a written opinion, his belief that the finding of the board of review was perhaps binding on appellants and that he considered a decision rendered by a Federal bankruptcy referree in 1944 to be *res judicata* or estoppel by judgment on the question of appellee's exemption. Inasmuch as we have held that an erroneous construction of a statute by an administrative agency is not binding on the courts, (*Baptista Films* v. *Cummins,* 9 Ill.2d 259, 265; *Winakor* v. *Annunzio,* 409 Ill. 236, 248,) the board's construction that appellee is an educational institution is no barrier to our further construction of the statute. However, whether the doctrines of *res judicata* and collateral estoppel should operate to deny the present benefit claimants their day in court, and to foreclose our authority to construe the statutes of this State, is not so readily concluded.

Pertinent facts show appellee instituted a proceeding in a Federal district court in 1941 to reorganize under the provisions of the Bankruptcy Act. During its course, Francis B. Murphy, then the Illinois Director of Labor,

filed a claim for unemployment contributions owing by appellee to the State for the years 1937 through 1943. The claim was disallowed by the referee in bankruptcy who found, after a hearing, that appellee was organized and operated exclusively for literary and educational purposes and was thus, "within the meaning of Chapter 48, Section 218, Illinois Revised Statutes 1943," exempt from the payment of all unemployment compensation taxes. No appeal was taken by the Director of Labor. By theorizing that Francis B. Murphy appeared in the bankruptcy proceeding as a class representative of all its employees who might claim unemployment compensation benefits, appellee asserts that the present proceeding is but a relitigation of its exempt status by the same parties, or their privies, which is barred under the doctrine of *res judicata.*

In the early case of *Markley* v. *People ex rel. Kochersperger,* 171 Ill. 260, the court said: "Where the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, of subject matter and cause of action." Under the facts of the present case we do not find that the identity of the parties or the cause of action is the same. This is a cause of action by employees to collect benefits from the unemployment compensation fund; the cause in the bankruptcy court, on the other hand, was a claim by the State for an employer's contribution to the fund. Viewed from a standpoint of time, the former action concerned liability for unemployment taxes for the years 1937 through 1943; the present action concerns appellee's liability for such taxes for the year 1950. As recently as *Chicago Historical Society* v. *Paschen,* 9 Ill.2d 378, we reiterated the finding of *People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369, that a cause of action for taxes for one year is not the same as or identical with a cause of action for taxes for subsequent years. This was also the view of the court in *Henricksen* v. *Seward,* 135 F.2d 986, where an erroneous judgment

that the taxpayer was not a manufacturer, and hence was entitled to recover excise taxes paid under protest, was held not to be *res judicata* in the taxpayer's action to recover taxes for subsequent periods, even though there was no appeal from the judgment in the first action. The philosophy of that court was that *res judicata,* as applied in tax litigation, is sufficiently elastic to permit of the balancing of conveniences and the weighing of other considerations as against that of desired repose. Other considerations in the present case show that the parties claiming benefits were not parties to the action in the bankruptcy court, and were we to hold them bound by that proceeding merely because the Director of Labor was a party, the effect would be to deny them their day in court on their claim. Because of the dissimilarity of parties and causes of action, it is our opinion that neither the doctrine of *res judicata* nor collateral estoppel may be applied.

Nor can it be said that the construction placed by the referee upon the exemption provision of the Unemployment Compensation Act, *viz.,* that appellee is a corporation operated exclusively for educational purposes within the meaning of the act, is binding upon us. When a statute has been judicially construed by the highest court having jurisdiction to pass on it, such a construction is as much a part of the statute as if plainly written into it originally, particularly where the meaning of such statute is in issue in a court of another jurisdiction. (*Guaranty Trust Co.* v. *Blodgett,* 287 U.S. 509, 77 L. ed. 463; *Gulf, Colorado & Santa Fe Railway Co.* v. *Moser,* 275 U.S. 133, 72 L. ed. 200; 50 Am. Jur., Statutes, sec. 221; 21 C.J.S., Courts, sec. 214.) Where a statute has not been construed by the courts of the State in which it was enacted, a court of another jurisdiction in which a question with respect to the effect of such statute arises may place its own construction thereon. However, such construction is no authority as precedent in the courts of the State where the statute was

enacted. (*Commercial Investment Trust* v. *Eskew,* 212 N.Y.S. 718; 21 C.J.S., Courts, sec. 204b; also see *Western Life Indemnity Co. of Illinois* v. *Rupp,* 235 U.S. 261, 59 L. ed. 220.) Still other cases hold that where Federal questions are not involved, as where State constitutions and statutes are to be construed, State courts are not required to follow Federal court decisions although they may be persuasive. (*State Public Utilities Com. ex rel. Quincy Railway Co.* v. *City of Quincy,* 290 Ill. 360; *Lewis* v. *Braun,* 356 Ill. 467; and cases cited at 21 C.J.S., Courts, sec. 205.) Thus it is held that State courts are free to decide for themselves all questions of the construction of State constitutions and statutes and are not bound by the construction arrived at by a Federal court, even though that court is the Supreme Court of the United States. (*J. T. Ryerson & Son* v. *Peden,* 303 Ill. 171; *Gourley* v. *Chicago & Eastern Illinois Railway Co.* 295 Ill. App. 160; *Parsons* v. *Federal Realty Corp.* 105 Fla. 105, 143 So. 912; 14 Am. Jur., Courts, sec. 121; also compare *Erie Railroad Co.* v. *Tompkins,* 304 U.S. 64, 82 L. ed. 1188; *West* v. *American Telephone & Telegraph Co.* 311 U.S. 223, 85 L. ed. 139; *Fidelity Union Trust Co.* v. *Field,* 311 U.S. 169, 85 L. ed. 109.) Particularly demonstrative of this principle is *Smithpeter* v. *Wabash Railroad Co.* 360 Mo. 835, 231 S.W.2d 135, 19 A.L.R.2d 950, where the Missouri Supreme Court, in refusing to follow the construction placed upon a Missouri statute by the United States District Court for the State, concluded as follows: "It is our duty to construe Missouri statutes and declare the law of this state. Missouri statutes must be taken as construed by this court, not as construed by any Federal court."

The exemption provision of the Unemployment Compensation Act is, in its entirety, as follows: "(b)(6) The term 'Employment' shall not include * * * (G) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for

religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation." (Ill. Rev. Stat. 1949, chap. 48, par. 218.) Until now this court has not been called upon to determine what constitutes an exclusively educational purpose; however, as was true in *Scripture Press Foundation* v. *Annunzio,* 414 Ill. 339, where a purpose exclusively religious was construed, aid is to be found in those decisions which have dealt with statutes exempting private educational institutions from general property tax laws.

In *People ex rel. McCullough* v. *Deutsche Gemeinde,* 249 Ill. 132, it was stated that the constitutional provision relating to the exemption of property used exclusively for school purposes, (sec. 3, art. IX,) was restricted to places "where systematic instruction in useful branches is given by methods common to schools and institutions of learning, which would make the place a school in the common acceptation of the word." (p. 137.) The court concluded that what are called schools for teaching dancing, riding, deportment and other things, are not schools in the ordinary sense. This restricted meaning was again employed in *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill.2d 198, to hold that an institution which conducted classes in swimming and gymnastics, for which certificates and diplomas were granted, did not fall within the scope of the statute exempting property used for school purposes even though it was recognized that physical education is in fact a part of the ordinary school curriculum. To be a private educational institution entitled to tax exemption, it was indicated, the course of study must fit into the general scheme of education furnished by the State and supported by public taxa-

tion. See also: *State* v. *Northwestern Vocational Institute, Inc.* 232 Minn. 377, 45 N.W.2d 653; *City of Detroit* v. *Detroit Commercial College,* 322 Mich. 142, 33 N.W.2d 737.

When it is considered that the Unemployment Compensation Act is a police measure, to be liberally construed so as to effectuate the legislature's intention of helping to protect workers against the consequences of unemployment, (*Commonwealth Life and Accident. Ins. Co.* v. *Board of Review,* 414 Ill. 475,) and that its exemption provisions are strictly construed against one claiming exemption, (*Ross* v. *Cummins,* 7 Ill.2d 595,) it is manifest the provision granting unemployment tax exemption to institutions operated exclusively for educational purposes must be tested with the same strictness as the statutes which serve to exempt private educational institutions from property taxes. In either case there must be a corresponding and substantial benefit to the public which justifies the granting of an exemption, and the course of instruction and methods must be such as to bring the institutions within the ordinary and accepted meaning of a school or educational institution. Otherwise exemption becomes a private windfall and detracts from the legislative purpose of reducing relief loads and preventing social unrest by means of unemployment compensation.

Advertising literature in evidence shows the basic courses taught by appellee are commercial art and advertising, interior decoration and window display, photography, and dress design and fashion merchandising. Substantial tuition fees are charged and courses of either 40, 20, 10 or 6 weeks are offered in each subject, any one of which a student may commence on the first Monday of each month. Although some of the school literature states that a high school education is required, other advertising says: "The requisite for entrance is an inclination for this work and a good general education." While the school gives its students a

diploma, it does not appear that they earn academic credits acceptable to other schools in the State and national education structure. Most instructors are people employed in fields corresponding to appellee's courses and they teach only on a part-time basis.

Appellee asserts that all the subjects it teaches are likewise taught in colleges and universities, and on the basis of such assertion concludes it is an educational institution within the restrictive meaning employed by this court in exemption cases. Although we question whether the proof upon which appellee bases its conclusion is of the clear and unqualified character necessary in a proceeding to establish exemption from taxes, it is enough to point out that the teaching of but a small part of the instruction given in ordinary schools does not suffice to constitute appellee an educational institution for which exemption was intended. This was the decision in *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill.2d 198, where we held that instruction in swimming and gymnastics, standing alone, did not operate to bring the claimant within the restrictive meaning of the exemption statute, even though such instruction was in fact a part of the curriculum in ordinary schools. By comparison, the instruction given by appellee, *viz.* commercial art, interior decorating, window display, photography and fashion design, is not as commonplace in ordinary schools, and perhaps not as important to the public well-being generally, as instruction in physical education. There is, then, even less reason to hold that appellee's limited area of instruction serves to bring it within the ordinary and accepted meaning of a school or educational institution, or within the general scheme of education furnished by the State. We think too the short duration of some of appellee's courses, coupled with the fact that entrance can be made into any course on the first Monday of each month, serves also to place appellee's methods beyond that common to places of

instruction ordinarily accepted as schools or educational institutions.

Moreover, as was true in *Turnverein Lincoln,* it does not appear that the instruction given by appellee tends to lessen the burden of taxation arising from our public education system. Appellee's president testified that its instruction is more specialized and technical than that obtainable in schools and universities. The courses of instruction, therefore, do not replace instruction otherwise given in public schools but go beyond to greater specialization leaving the burden of public schools no greater or no less than it was before. Other courts have held that specialized schools operated for the purpose of training students to enter into specialized fields of employment do not fit into the general scheme of education founded by the State and supported by public taxation, and have denied them tax exemption. (*City of Detroit* v. *Detroit Commercial College,* 322 Mich. 142, 33 N.W.2d 737; *City of Birmingham* v. *Birmingham Business College,* 256 Ala. 551, 56 So.2d 111; *State* v. *Northwestern Vocational Institute,* 232 Minn. 377, 45 N.W.2d 653.) Not only does appellee fall within this special classification, and thus outside the ordinary conception of an educational institution, but it appears that its benefit to the community, viewed from the standpoint of service that would otherwise be a governmental function and obligation, is not so substantial as to lessen the burden of taxation for the support of schools.

We hold that a restrictive meaning must apply and that appellee is not an educational institution within the exemption provision of the Unemployment Compensation Act. Having reached this conclusion it is unnecessary to consider whether the other prerequisites for exemption fixed by the statute were met. The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*