(No. 35938.—

Illinois College of Optometry, Appellee, *vs.* Francis S. Lorenz, County Treasurer *et al.,* Appellants.

*Opinion filed January 20, 1961.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for appellants.

SEYMOUR KEITH, of Chicago, (VICTOR POTYSMAN, LEONARD SCHANFIELD, and NORMAN L. ROTHENBAUM, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The single question presented by this appeal is whether the plaintiff, Illinois College of Optometry, a nonprofit corporation, is a school within the meaning of section 19.1 of the Revenue Act, (Ill. Rev. Stat. 1959, chap. 120, par. 500.1,) so as to entitle it to the privilege of exemption from general taxes. The superior court of Cook County resolved the issue in the affirmative and defendants, the county collector and others, prosecute this appeal from a decree perpetually enjoining them from collecting real-estate taxes with respect to three parcels of land used by plaintiff for a student union building, a building where clinical studies are pursued, and a parking lot. We have jurisdiction because

the revenue is involved. Ill. Rev. Stat. 1959, chap. 110, par. 75.

No serious contention is made that plaintiff is not a school or college within the generally accepted meanings of those terms and, indeed, there can be none. Plaintiff's three-year curriculum, its methods and intensity of instruction, the scope and end result of its operations, serve to place it within the category of institutions engaged in systematic instruction in useful branches and which are known as schools or colleges as those terms are commonly used. Moreover, the Illinois Optometric Practice Act, (Ill. Rev. Stat. 1959, chap. 91, pars. 105.1 thru 105.29,) under which plaintiff is regulated and recognized by the Department of Registration and Education as an institution qualified to confer degrees in optometry, manifests throughout a clear legislative intent and determination that the course of study provided by plaintiff is to be equated with those commonly offered by schools or colleges.

Defendants' contention that plaintiff's property is non-exempt centers around *Coyne Electrical School* v. *Paschen,* 12 Ill.2d 387; *Ray Schools-Chicago-Inc.* v. *Cummins,* 12 Ill.2d 376, and *Milward* v. *Paschen,* 16 Ill.2d 302, wherein it was held that to entitle a private school to the privilege of tax exemption, two primary tests must be met: First, it must offer a course of study which fits into the general scheme of education established by the State; and, second, the course of instruction must be such that it substantially lessens the tax burden of the public by providing educational training that would otherwise have to be furnished by the government. Looking to these tests, defendants point out that the State of Illinois, unlike some States, has never established a separate school or college of optometry, or included a department of optometry in existing tax-supported colleges or universities, and from such facts rationalize that a school of optometry does not therefore fit into our scheme of education, nor provide substantial instruction

that would otherwise have to be provided at government expense. We think this reasoning is too narrow.

As was pointed out in *Milward v. Paschen,* 16 Ill.2d 302, 310, the decisions upon which defendants rely do not stand for the proposition that a private school must duplicate the program of a public school to gain tax exemption, but hold that the course of study provided need only fit within the general scheme of education provided in tax-supported schools. The Illinois Optometric Practice Act has expressly declared that the practice of optometry in this State affects the public health, safety and welfare, (Ill. Rev. Stat. 1959, chap. 91, par. 105.2,) and this court upon two occasions has found that it was the intention of the legislature to elevate the practice of optometry to that of a profession or skilled occupation, similar to the practice of medicine, surgery or dentistry. (*Babcock v. Nudelman,* 367 Ill. 626, 627; *Klein v. Dept. of Registration and Education,* 412 Ill. 75, 79.) Since the very inception of an educational system affording an opportunity for training in higher branches of learning, our scheme of education in both private and tax supported schools has embodied the training of those who, through the medical arts and sciences, have the responsibility of maintaining the health and well-being of both the individual and the community. The legislature has stated that the practice of optometry affects the public health, safety and welfare, and we know, even without the legislative fiat, that vast numbers of the public turn to the optometrist to solve problems of health resulting from abnormal vision. Thus, generally speaking at least, an extended and extensive system of instruction by which persons may become registered, accredited optometrists and hold themselves out to the public as experts in their field of public health, must be said to fit into the scheme of education which prepares those whose professions have a direct relation to the health of the community. The same was not true in *Milward,* where training in mortuary management was involved, in *Coyne,* where

special training in basic electronics was involved, or in *Ray Schools,* where dress designing and interior decorating were involved.

Furthermore, there are reasons of even more specific nature which cause us to conclude that plaintiff's course of study falls within the scheme of education presented in at least one tax-supported school in this State. Exhibits in evidence show that State-supported universities in Ohio, California and Indiana maintain departments or schools of optometry, and that the course of study required by plaintiff is equally as comprehensive and exacting as the courses presented and required by such institutions. The University of Illinois, on the other hand, has no school, department or college of optometry. However, the courses taught by plaintiff are taught at the university and any medical doctor undertaking to specialize in ophthalmology, must have in his course of study the courses offered by plaintiff. In either case, the same courses are necessary before one may become qualified to practice optometry. To this extent then, and the number of optometry students is substantial, plaintiff is providing a course of instruction which duplicates that provided in the tax-supported university and its medical school.

If the plaintiff did not furnish its course of instruction, and if the right to practice optometry could be gained only through the attainment of a medical degree with specialization in ophthalmology, it is manifest that the tax burden of maintaining premedical and medical schools would be substantially greater than it is.

Accordingly, it is our opinion that the course of study offered by plaintiff fits into the general scheme of education established by the State and that it substantially lessens the tax burden by providing instruction that would otherwise be provided at government expense. This being so, the superior court of Cook County quite properly found that plaintiff is a school entitled to the privilege of tax exemption and its decree is affirmed.

*Decree affirmed.*