69576. J.A.T.T. TITLE HOLDING CORPORATION v. ROBERTS.
(328 SE2d 770)

CARLEY, Judge.

Appellant-plaintiff is a non-profit corporation which owns real property located in Atlanta. A building erected on the property houses a trade school, the Mechanical Trades Institute. In 1975, appellant requested and was granted exemption from ad valorem taxation pursuant to OCGA § 48-5-41, which provides in relevant part: "The following property shall be exempt from all ad valorem property taxes in this state . . . (6) All buildings erected for and used as a college, incorporated academy, or other seminary of learning . . . ." The property was exempted from taxation from 1975 through 1981. In 1982, however, the property was assessed and has been subject to ad valorem taxation thereafter. Contending that the Mechanical Trades Institute is a "seminary of learning" within the meaning of OCGA § 48-5-41 (6), appellant brought the instant declaratory judgment action, naming appellee-tax commissioner as the defendant.

On November 10, 1983, appellant served appellee with interrogatories and a request for production of documents. Appellee did not respond. Instead, on April 18, 1984, appellee filed a motion for summary judgment. On April 30, 1984, appellant filed a motion to compel discovery and to impose sanctions, premised upon appellee's failure to answer the interrogatories and produce the documents that had been requested several months previously.

A hearing was held on appellant's motion. The motion was vigorously opposed by appellee on many grounds including the fact that all of the information sought by appellant was disclosed in appellee's motion for summary judgment which was then pending before the court. On July 9, 1984, appellant's motion to compel discovery was granted by the trial court. It is further to be noted that in granting appellant's motion to compel appellee's response to outstanding interrogatories, the trial court also imposed sanctions by awarding to ap-

pellant the sum of $200 "as compensation for expenses incurred by [appellant] in bringing said motion." Most importantly, appellee was required to comply with the order requiring discovery "within 30 days of the date of this order." Despite this action on appellant's motion, two days later, on July 11, 1984, the trial court granted appellee's motion for summary judgment. Appellant appeals.

On appeal, appellant contends that summary judgment was premature because discovery had not been completed. We find no Georgia cases which would be controlling in such circumstances as exist in the instant case. However, it is inconceivable and inconsistent that, two days after the entry of the order on appellant's motion, the trial court granted summary judgment in favor of appellee who was the recalcitrant and sanctioned respondent as a result of the trial court's order compelling discovery. Since the motion for summary judgment and all of its accompanying papers were before the trial court when it entered its order requiring discovery, the inconsistency in the trial court's grant of the motion to compel and its later disposition of the entire case 28 days prior to its own deadline for discovery makes manifest the procedural irregularity in the trial court's action. Accordingly, we hold that the trial court's ruling on the motion for summary judgment was premature and that any ruling on such a motion must await compliance by appellee with the trial court's previous order compelling discovery.

Since the grant of summary judgment was procedurally premature, the merits of the case cannot be considered in the instant appeal.

*Judgment reversed. Banke, C. J., McMurray, P. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., Birdsong, P. J., and Beasley, J., dissent.*

DECIDED MARCH 15, 1985.

*Charles E. Elrod, Jr., Randall A. Constantine*, for appellant.
*Jeffrey S. Klein, Marva J. Brooks, Gary S. Walker*, for appellee.

BIRDSONG, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion. This is a case of first impression in Georgia, but not to the federal courts. They have faced the same issue under the Federal Rules of Civil Procedure, from which we patterned our Civil Practice Act. And, as usual, there are two lines of authorities in the resolution of this problem. Although not articulated as such by the majority, the question at issue is the application of OCGA § 9-11-56 (f). That section, which is the same as Rule 56 (f) of the Federal Rules, provides the means by which to test the need for further discovery when a motion for summary judgment

is made. In essence, it provides that when a motion for summary judgment is made and the party opposing the motion is not ready for adjudication of the motion, that party should file an affidavit setting forth the facts and request "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just." OCGA § 9-11-56 (f). The appellant in the instant case did not comply with the Code.

If the non-movant desires additional discovery to withstand the motion for summary judgment, he must comply with the Rule, our OCGA § 9-11-56 (f). Moore's Fed. Practice 56-1422, 56-1423, § 56.24. The grant or denial of such motion is within the sound discretion of the trial court. *Walters v. City of Ocean Springs*, 626 F2d 1317 (5th Cir. 1980); Moore's Fed. Practice 56-1428, 56-1437, § 56-24. It is incumbent on the party seeking to prevent action being taken on the motion to demonstrate that its discovery request is directed toward establishing material facts, and on receipt of such evidence he would be prepared to defend against the motion. *Washington v. Cameron*, 411 F2d 705, 711 (DC Cir. 1969). No such showing was made by appellant.

The majority finds that approval by the trial court of a discovery request would automatically prevent a ruling upon a motion for summary judgment. I cannot agree with that conclusion. The issue is not whether there is a ruling extant on a request for discovery, but, whether the subject matter of the discovery request would tend to establish a material issue. If so, the burden is on the non-movant to comply with OCGA § 9-11-56 (f), to file the motion for continuance to complete discovery and state the expected evidence which would be produced. If there is no material issue left for trial, and the movant for summary judgment has established its right to summary judgment, the mere fact that there is in existence a ruling of the trial court directing discovery of an unimportant issue, or cumulative facts, will not be sufficient to delay a ruling upon a motion for summary judgment, which is supported by sufficient evidence. *Wobb v. Ford Motor Co.*, 76 FRD 452, 454 (1977). A party cannot oppose a motion for summary judgment as premature solely because discovery has not been completed, but has the additional duty of establishing facts expected to be disclosed by incomplete discovery which would show there is a genuine issue for trial. *Groover v. Magnavox Co.*, 71 FRD 638 (1976). This has not been done in the instant case.

Ruling on a motion for summary judgment should not be deferred to give defendant further time to investigate or obtain discovery where he has had ample time and opportunity to obtain relevant evidence as to the material factual issues in the case. *Lavine v. Shapiro*, 257 F2d 14 (7th Cir. 1958). Further, a party may not proceed with discovery for an indefinite period of time, searching for evidence

to support a "hunch" or "suspicion" that he has a cause of action. *Waldron v. Cities Service Co.*, 361 F2d 671 (2d Cir. 1966). Here, the motion for summary judgment was granted approximately one year after suit was filed. Plaintiff's interrogatories to defendant concerned principally the basis for defendant's various defenses and identity of persons, facts, and documents for such defenses. Those defenses never came in issue. Plaintiff's requests for documents were for those related to the assessors' denial of the requested exemption and documents which would support the claimed defenses of the assessors. None of these documents would have any relevance to the controlling issue — was the J.A.T.T. trade school a "seminary of learning" which would qualify it for tax exempt status? OCGA § 48-5-41 (formerly Code Ann. § 92-201). Although the trial court first granted the order directing disclosure, it is evident on appeal as it must have been to the trial judge that the single controlling issue is whether the trade school was entitled to tax exempt status and it would be tax exempt only if it was a "seminary of learning." The evidence sought in discovery would have no bearing on that issue, and there was sufficient evidence then before the court for a determination of that question on motion for summary judgment. The court properly concluded that the trade school was not a seminary of learning. See *Coyne Electrical School v. Paschen*, 146 NE2d 73, 77 (Ill. 1957); *NRA Special Contribution Fund v. Board of County Commrs.*, 591 P2d 672 (N.M. 1979); *State v. Northwestern Vocational Institute*, 45 NW2d 653, 655 (Minn. 1951); *Graphic Arts Educational Foundation v. State*, 59 NW2d 841 (Minn. 1953). Hence, while further discovery may disclose a disputed issue, unless that issue is a material fact, summary judgment is not precluded. *Chagnon v. Bell*, 642 F2d 1248 (D.C. App. 1980).

A federal case involving similar principles to those of the present case is that of *Exxon Corp. v. Fed. Trade Comm.*, 663 F2d 120 (D.C. App. 1980), in which the FTC filed an administrative complaint against eight leading petroleum companies in the United States, based upon a comprehensive study compiled by them entitled "Final Economic Report." Exxon was anxious to obtain a copy of that report and filed for its release under the Freedom of Information Act and for discovery under Rule 56 (f), particularly seeking information "from each of the four Commissioners who held office at the time this litigation was initiated." Id. p. 124. It is of interest to note that in the instant case the requested documents were directed toward discovery of how the commissioners voted on the taxation of the J.A.T.T. building. In *Exxon*, the court stayed discovery pending a hearing on the summary judgment motion. Following the hearing the court granted a partial summary judgment to the FTC because it could find no reason for a continuance for Exxon to complete discovery. Exxon appealed

and the appellate court found "Exxon has failed to show that the requested discovery was necessary to oppose the FTC's summary judgment motion. It is not the intent of Rule 56 to preserve purely speculative issues of fact for trial . . . ." Id. p. 128.

The status of the present case is in a similar posture as that in *Exxon.* Discovery was under way, but when the motion for summary judgment is filed and hearing held thereon, if the non-movant desires additional time for discovery, the motion for continuance under OCGA § 9-11-56 (f) must be filed and the affidavit is required to show why the motion should not be heard at that time. The burden is on the movant for a continuance to show that the evidence sought in discovery would tend to make a material issue for trial on the issue in the motion for summary judgment. *Securities & Exchange Comm. v. Spence & Green Chemical Co.,* 612 F2d 896 (5th Cir. 1980). Under the Federal Rules, Rule 56 (f) (our OCGA § 9-11-56 (f)), is not a shield to block a motion for summary judgment *without* a showing by the non-moving party that his opposition is meritorious. A party invoking the protection of the Rule must affirmatively demonstrate why he cannot respond to movant's evidence and how postponement of a ruling on the motion for summary judgment will enable him, by discovery or other means, to rebut movant's showing of the absence of a genuine issue of fact. *Willmar Poultry Co. v. Morton-Norwich Prods. Co.,* 520 F2d 289 (8th Cir. 1975). Hence, obtaining a discovery order does not automatically defeat a hearing on a motion for summary judgment. This is a first step, but the second step is that the party opposing the motion must then show why he cannot then oppose movant's motion and that further discovery will produce evidence tending to show a material issue for trial.

The utility of following the rule espoused by the majority is shown by projecting the course of action it entails. The case will be returned for completion of discovery regarding defendant's defenses, which will have no bearing on the motion for summary judgment. The action taken by the commissioners, i.e., how they voted when J.A.T.T.'s request for exemption was before them, may be revealed, but it will have no effect on the single controlling issue in the motion for summary judgment: "Is the J.A.T.T. trade school a seminary of learning?" Thus, once discovery is completed the motion for summary judgment will then be heard, and under the cases cited above, the trial court was correct when it found the trade school was not a seminary of learning.

Heretofore, it has been the rule in appellate procedure that harm as well as error must be shown to authorize reversal. Even if it was error to hear the summary judgment motion prior to completion of discovery, no harm has been shown because the evidence sought to be discovered had no relevance to the issue in the motion. See *Herbert v.*

*Wicklund*, 29 FRServ.2d 1001 (___ F2d ___) (1st Cir. 1984).

I respectfully dissent. I am authorized to state that Presiding Judge Deen and Judge Beasley join in this dissent.