45605. J.A.T.T. TITLE HOLDING CORPORATION v. ROBERTS et al.

(371 SE2d 861)

WELTNER, Justice.

We granted certiorari to determine whether the property owned by a non-profit corporation comes within the terms of the exemption set forth in OCGA § 48-5-41 (a) (6) for buildings erected for and used as a "seminary of learning." *Roberts v. J.A.T.T. Title Holding Corp.,* 185 Ga. App. 892 (366 SE2d 297) (1988).

The Mechanical Trades Institute is located on the property in question, and provides an apprenticeship program in the plumbing and steamfitting-pipefitting industry for persons with high school educations. The program consists of four years of educational training, including more than 800 hours of classroom instruction and almost 7,000 hours of practical training.

1. OCGA § 48-5-41 (a) (6) provides that "[a]ll buildings erected for and used as a college, incorporated academy, or other seminary of learning" are exempt from ad valorem property taxes, provided that they are open to the general public, and that they are "not . . . used for the purpose of producing private or corporate profit and income . . . and any income from such property shall be used exclusively for . . . educational . . . institutions." See OCGA § 48-5-41 (b), (c), (d). This provision is consistent with the constitutional authorization.[1]

---

[1] "The General Assembly may, by law, exempt from taxation . . . all buildings erected for and used as a college, incorporated academy or other seminary of learning . . . as are open to the general public . . . provided the property so exempted be not used for the purpose of private or corporate profit and income. . . ." Art. VII, Sec. I, Par. IV of the Constitution of Georgia of 1976. "Those types of exemptions from ad valorem taxation provided for by law on June 30, 1983, are hereby continued in effect as statutory law until otherwise provided for by law." Art. VII, Sec. II, Par. IV of the Constitution of Georgia of 1983.

The tax exempt status of the Mechanical Trades Institute was determined in 1982.

2. The term "seminary of learning" long has been construed to denote educational institutions in general.[2] The term appeared in Georgia law as early as the 1700's, as a general reference to educational institutions, as here delineated:

(a) In 1783, the General Assembly authorized the commissioners of Augusta to lay out lots and resell them for the purpose of erecting an "academy or seminary of learning." "And, whereas, a seminary of learning is greatly necessary for the instruction of our youth, and ought to be one of the first objects of attention, after the promotion of religion . . . ." Sec. 4, Act of July 31, 1783. Marbury and Crawford, p. 132.

(b) In 1784 the General Assembly enacted legislation for the endowment of a state university, which was to be a "College or seminary of learning." Cobb's Digest, p. 1082.

(c) The Constitution of Georgia of 1798 contained this provision: "The arts and sciences shall be promoted in one or more seminaries of learning. . . ." Art. 4, Sec. 13. Cobb's Digest, p. 1125.

3. The term first was applied to tax exemptions in the 1870's, when statewide public education was required in Georgia. The language employed was identical to that of the current statute and constitution.[3]

4. The resolution of the tax exempt status of "buildings erected for and used as a college, incorporated academy, or other seminary of learning" has been determined by the *use* made of the property, and not by any specific definition of terms. *Trustees of Richmond Academy v. Bohler*, 80 Ga. 159, 163-4 (7 SE 633) (1887).[4] Thus while an

---

[2] "The word 'seminary' has not acquired any definite and fixed legal meaning, though occasionally used in a general way to designate institutions for the promotion of learning." *Chegaray v. New York*, 13 New York (3 Kernan) 220, 228, 229 (1855), concerning statute exempting "every building erected for the use of a college, incorporated academy or other seminary of learning." "The origin of the word [seminary] would seem to imply a place where the seeds of education are sown and implanted. It is neither a strained nor unnatural construction to hold that it was used in the clause under consideration in its broadest sense, to denote any and every place of training or institution of learning not already specifically named." *In re Grace*, 27 Minn. 503 (8 NW 761, 762) (1881), concerning constitutional provision exempting "public school-houses, academies, colleges, universities, and all seminaries of learning."

[3] (1) The Act of 1873 provided: "The following persons and property are exempt from taxation . . . 3. All buildings erected for and used as a college, incorporated academy, or other seminary of learning. 4. All buildings erected for and used for . . . school houses." § 798, Code of Georgia, 1873.

(2) The Constitution of Georgia of 1877 provided: "The General Assembly may, by law, exempt from taxation . . . all buildings erected for and used as a college, incorporated academy, or other seminary of learning. . . . Provided, the property so exempted be not used for purposes of private or corporate profit or income." Art. VII, Sec. II, Par. II of the Constitution of Georgia of 1877, as amended. McElreath, *Constitution of Georgia*, p. 626 (1912).

[4] Though we have not *defined* the term "other seminary of learning," it is illuminated in the following holdings: The Academy of Medicine, in which scientific groups and societies

educational institution may be exempt, some of its grounds and buildings may be taxed if those grounds or buildings generate a private profit. *Mundy v. Van Hoose*, 104 Ga. 292 (30 SE 783) (1898); *Rabun Gap-Nacoochee School v. Thomas*, 228 Ga. 231 (184 SE2d 824) (1971).[5]

5. The term "seminary of learning," as applied in its general meaning, does not exclude an institution such as the Mechanical Trades Institute. We decline to import into the meaning of the term any of the restrictions[6] suggested by the taxing authority. To do so would be unduly to enlarge upon constitutional and statutory pronouncements, and, worse, to convert the tax commissioner into the supervisor of curricula for every educational institution within the taxing jurisdiction.

6. The record does not show that the use made of the property by the Institute failed to comply with the constitutional and statutory requirements for exemption from taxation. The trial court's order finding entitlement to the exemption was correct.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1988.

*Elrod & Thompson, Randall A. Constantine, Jane E. Jordan,* for appellant.

*Marva Jones Brooks, Jeff S. Klein,* for appellees.

---

hold periodic meetings and present papers, does not operate as a "college, incorporated academy, or other seminary of learning." *Camp v. Fulton County Medical Society*, 219 Ga. 602 (135 SE2d 277) (1964). Nor does the national headquarters of a group of industrial engineers, which distributes publications to the membership and hold seminars and workshops. *American Institute of Industrial Engineers v. Chilivis*, 236 Ga. 793 (225 SE2d 308) (1976).

[5] The exemption of a private dental college was affirmed because the trial court's findings that the property of the college was not used for the purpose of making private or corporate income or profit was not clearly erroneous. *Elder v. Atlanta-Southern Dental College*, 183 Ga. 634 (189 SE 254) (1936). See also *Linton v. Lucy Cobb Institute*, 117 Ga. 678, 681-2 (45 SE 53) (1903), holding that charging tuition does not destroy the tax exemption.

[6] These include: that the facility is funded and operated by union members and contractors; that the number of matriculants is variable; that only a minimum of classroom instruction hours is devoted to general education courses — the majority consisting of training for a particular trade; and that practical training is required.