A00A1534. ATLANTA ARTISTS CENTER, INC. v. FULTON COUNTY BOARD OF ASSESSORS.

(537 SE2d 701)

PHIPPS, Judge.

The primary question for decision in this case is whether a facility owned and operated by the Atlanta Artists Center, Inc. (AAC) constitutes a building "erected for and used as a college, incorporated academy, or other seminary of learning," thereby entitling it to an ad valorem tax exemption under OCGA § 48-5-41 (a) (6). We conclude that it does not.

The Fulton County Board of Tax Assessors denied AAC's application for a tax exemption. AAC appealed to the Fulton County Board of Equalization. In the appeal, AAC also complained of the valuation of the property and a lack of uniformity in assessment based on assessments against real properties of similar educational institutions.

After the Board of Equalization rendered a decision adverse to it, AAC appealed to the Fulton Superior Court. AAC moved for summary judgment on the issue of its tax-exempt status. The Board of Assessors filed a cross-motion for summary judgment, asserting that the sole issue in this case is the taxability of the subject property.

---

AAC responded to the cross-motion, stating that there are issues of uniformity of taxation and valuation as well as taxability. The superior court found that the property is not tax exempt and awarded complete summary judgment to the Board.

The evidence shows that AAC is a nonprofit, nonstock corporation recognized by the Internal Revenue Service as exempt from federal income taxes. It is supported by membership dues and voluntary contributions. The object of the corporation, as set forth in its charter application, is the advancement of artistic standards for its members and the community, promotion of the general welfare and good fellowship among artists, assistance in the cultural advancement of the community, and other charitable activities. AAC's facility, known as the Atlanta Arts Center, is located on Grandview Avenue in Atlanta. At the center, a library is maintained, art meetings are conducted at which art teachers or instructors make educational presentations, and off-site educational activities are coordinated.

AAC maintains that the center is entitled to a 90 percent tax exemption because it is used 90 percent of the time for "sketch groups," which are offered to members and nonmembers. One of AAC's officers, who is also a professional artist, testified that only persons who have an innate and natural ability to form perceptions and translate the form of animate and inanimate objects to paper or canvas can become artists; that only those who have developed this ability can be taught artistic techniques; and that development of this ability is achieved through sketching, which improves through practice and is self-taught. Aspiring artists learn of AAC sketch groups through word of mouth, art teachers in high schools and colleges, and artists. Fees range from $2 to $5 dollars. Sketching sessions are held throughout the year. There are no teachers or students. There is no grading, curriculum, or degree program. *Held*:

1. It is the use to which property is put that determines the question of exemption from taxation under OCGA § 48-5-41 (a) (6).[1] We construe this statute by giving the words used in it their ordinary and everyday meaning.[2]

The ordinary and everyday meaning of "college" is a school of higher learning that grants a bachelor's degree in liberal arts or science or both and may include a technical or professional school.[3] An "academy" is ordinarily understood as meaning a secondary or college-preparatory school.[4] A "seminary" is ordinarily thought of sim-

---

[1] *Camp v. Fulton County Med. Society*, 219 Ga. 602, 605 (3) (135 SE2d 277) (1964).
[2] *Mgmt. Compensation Group/Southeast v. United Security Employee Programs*, 194 Ga. App. 99, 102 (2) (389 SE2d 525) (1989).
[3] See American Heritage Dictionary (2nd college ed. 1985), p. 291.
[4] See id. at 70.

ply as a school, especially a theological school for the training of members of the clergy.[5] According to ordinary understanding, a school is an institution in which teachers instruct students.[6]

Consistent with these meanings, *J.A.T.T. Title*[7] held that a four-year post-high school trade school qualified for a property tax exemption. *Camp*[8] held that a building owned by a society of physicians and used for the continuing education of members and for the meetings of various civic organizations and medical professional groups did not qualify for an exemption. *American Institute of Indus. Engineers v. Chilivis*[9] held that the national headquarters for an organization composed of industrial engineers and dedicated to the purpose of advancing engineering knowledge was not tax exempt.

The latter two cases show that use of a building for some educational purpose does not necessarily qualify it for a tax exemption. At a minimum, the building must be a place where teachers instruct students. A building in which aspiring artists develop their abilities by practicing their craft does not qualify. The superior court did not err in granting summary judgment to the Board on the issue of taxability.

2. The court did, however, err in awarding full summary judgment to the Board in view of the unresolved issues relating to property valuation and uniformity of assessment.

*Judgment affirmed in part and reversed in part. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JULY 19, 2000.

*Chambers, Chambers & Chambers, John W. Chambers, Sr., Timothy D. Chambers*, for appellant.

*Carothers & Mitchell, Richard A. Carothers*, for appellee.

---

[5] See *J.A.T.T. Title Holding Corp. v. Roberts*, 258 Ga. 519 (1) (371 SE2d 861) (1988); American Heritage Dictionary, supra at 1175.

[6] American Heritage Dictionary, supra at 1098.

[7] Supra, 258 Ga. 519.

[8] Supra, 219 Ga. 602.

[9] 236 Ga. 793 (225 SE2d 308) (1976).